[*]Currie and Whitney *against* Henry.

THIS was an action of *debt*, against the defendant, as sheriff of the county of *Rensselaer* for an *escape.* The declaration contained two counts; the first count stated a judgment obtained by the plaintiffs against one *Peter Haff*, for 996 dollars 72 cents, and that a *test. ca. sa.* thereon was issued, and directed to the sheriff of the county of *Rensselaer*, returnable the first day of *November* term, 1804, which was delivered to the defendant on the 7th *September*, 1804, to be executed, &c. that the defendant, on the same day, and before the return, &c. took and arrested the said *Haff*, and detained him in his custody, &c. that afterwards, on the 25th *May*, 1805, the defendant, at *Troy*, &c. without the consent and against the will of the plaintiffs, suffered the said *Haff* to essape, &c. The second count in the declaration was for an *escape*, on an execution for the same sum, and of the same *teste* and return, and the escape was stated to be on the 1st *May*, 1805. The defendant pleaded five pleas; 1. Not guilty. 2. That the said *Haff*, being in his custody, and in the gaol of, &c. on the 24th *May*, 1805, by force of arms, broke the said gaol, and, against the will of the defendant, fled and escaped to places unknown, and that afterwards, to wit, on the same day, and before the exhibiting the bill of the plaintiffs, the said *Haff*, privily, freely, and voluntarily returned to the said prison, and continued in prison, in custody of the defendant, &c. until he was, afterwards, on the third Monday of *May*, 1805, discharged by the judges of the court of common pleas for the county of *Rensselaer*, pursuant to the act of the legislature, for the relief of debtors, with respect to the imprisonment of their persons, &c. (setting forth the proceedings, and the order of the court for the disharge,) and

*Where a party demurs to a plea, because it is double, he must point out in what the duplicity consists. To a declaration in debt against a sheriff for an escape, the defendant pleaded an involuntary escape, and the return of the prisoner into custody before any action brought: and also that the prisoner was discharged by the court of common pleas, pursuant to the act for the relief of debtors, with respect to the imprisonment of their persons, the plea was held good, for, both facts are necessarily blended, and but one defence. Where a plea stated that the defendant was in custody on an execution*

for less than 2,500 dollars, and was discharged by the court of common pleas, &c. on demurrer, this was held a sufficient allegation of jurisdiction in the court, granting the discharge. But a plea alleging generally, that the prisoner was "discharged out of custody by due course of law," is bad, on a special demurrer.

NEW-YORK,
Nov. 1807.

Currie and
Whitney
v.
Henry.

avers that this is the same escape as is set forth in the plaintiff's declaration, &c. with a verification, &c. 3. That the said *Haff*, on the 24th *May*, 1805, by force and arms, broke and escaped out of the said prison and the custody of the defendant against his will and without his knowledge, and that the defendant, immediately after the escape, made fresh pursuit for retaking the said *Haff*, &c. and made and continued such pursuit, &c. until afterwards, on the same day, &c. and before exhibiting the bill of the said plaintiffs, &c. upon that pursuit, he retook the said *Haff*, and him again had and detained in the said prison, &c. until afterwards, to wit, on the 24th *May*, 1805, the said *Haff* was discharged out of the said prison, &c. by due course of law, which escape, &c. the defendant avers is the same escape charged in the first count of the plaintiffs' declaration, &c. with a verification &c. 4. The fourth plea was like the second, with an averment, that the escape therein mentioned, was the same escape stated in the second count of the plaintiffs' declaration, &c. and not different, &c. 5. The fifth plea was like the third, with an averment that the escape therein mentioned was the same escape charged in the second count of the declaration. The plaintiffs demurred specially to all the pleas, and the defendant joined in demurrer. The causes of demurrer assigned to the second plea, were, 1. That the pleas were multifarious and double, containing matters distinct and independent, without tendering an issue on a single point. 2. That it did not show that the court of common pleas of *Rensselaer* county had sufficient authority or competent jurisdiction to discharge *Haff* out of the custody of the defendant. 3. That the pleas are inconsistent and repugnant, in admitting that *Haff* was in the custody of the defendant, on the 24th *May*, 1805, and that on the same day he discharged the said *Peter Haff* from his custody, by virtue of an order of the court of common pleas, held,

NEW-YORK,
Nov. 1807.

Currie and
Whitney
v.
Henry.

[* 435]

&c. on the third Monday of *May*, 1805, being the 20th day of *May*, and averring, that on the day and year last mentioned, the said *Peter Haff* was discharged, &c. by the said court, [*]by virtue of the act for the relief of debtors, with respect to the imprisonment of their persons, &c. 4. Because the plea does not allege that the escape of *Haff* on the 24th *May*, 1805, is the same escape for which the plaintiffs have brought this action, and which is charged in the first count of their declaration; nor does the plea confess the escape alleged in the first count, and avoid the right of action thereby accrued, nor traverse, nor deny the same, &c. and that the plea is otherwise uncertain, argumentative, &c. Similar causes were also assigned for the demurrers to the third, fourth, and fifth pleas, with the additional cause, as to the third and fifth pleas, that it is not alleged or shown by what authority or in what manner the said *Peter Haff* was discharged out of the custody of the defendant, &c.

*Russell*, in support of the demurrer. 1. The second plea is bad for its duplicity. It states two distinct and independent grounds of defence: First, that the prisoner escaped against the will and without the knowledge of the defendant, and on the same day privily and voluntarily returned again into custody. This alone is a sufficient defence. The second ground of defence is, that the prisoner was afterwards discharged by order of the court of common pleas, pursuant to the act for the relief of debtors, &c. This is totally distinct from the other ground. 2. Another objection to this plea is, that it does not state, that the court of common pleas had jurisdiction to discharge the defendant. If the court had no authority, their proceedings were a nullity, and the sheriff would be liable for an escape.* 3. The escape charged, is on the 25th *May*, and the defendant, in his third plea, says the prisoner escaped on the 24th *May*, and that he made fresh pursuit, and took him on the same day.† 4. An-

* *Cro. Eliz.* 893. 1 *Salk.* 273. 8 *Term,* 424.
† *Cro. Eliz.* 439.

NEW YORK,
Nov. 1807.

Currie and
Whitney
v.
Henry.

[* 436]

*1 *Salk.* 219.
1 *Wilson,* 219.
2 *Ld. Raym,*
798.
† 3 *Term,* 337.

‡ 5 *Comyns'
Pleader, C.*
28. *E.* 11, 12.

§ 2 *Term,* 45.
See *Peeble* v.
*Kittle, ante,*
363.

other objection to the third plea is, that it does not specify by what authority, or in what manner the prisoner was discharged. It merely states that he was discharged by due course of law. This is too general and vague to admit of a replication.

[*] *Foot,* contra. It is not enough to say that a plea is double, and wants form. Unless the demurrer point out precisely wherein the duplicity consists, the general objection will not avail the plaintiffs.* If the defendant shows enough to make a good defence, his plea will not be vitiated by any unnecessary matter.† Alleging the issuing of an execution, on a judgment for less than 2,500 dollars, shows that the court of common pleas had jurisdiction to discharge the defendant in this suit. If he was improperly discharged from other executions, the plaintiffs cannot avail themselves of that irregularity. The order of discharge is peremptory, and the sheriff is bound to obey it. He cannot inquire into the grounds on which the discharge has been obtained. The second plea contains a complete and substantial defence; and where there are two pleas, to the same count, and on demurrer, one be adjudged good, and the other bad, still the defendant must have judgment. The third and fifth pleas are substantially correct. A special demurrer does not reach defects in form, unless they be material. Immaterial matters may be rejected as surplusage.‡ In alleging a discharge under the bankrupt law in *England,* it is sufficient to state generally, that the party became a bankrupt, according to the intent and meaning of the statutes in relation to bankrupts, without setting forth any of the proceedings.§ The allegation in the present case, that the prisoner was discharged by the course of law, is not more general.

SPENCER, J. delivered the opinion of the court. The plaintiffs having charged two escapes, probably on the very same execution, it became necessary to plead to them

several pleas. The second and fourth pleas are, no doubt, good. It has been contended, 1st. That the pleas are multifarious and double, without specifying wherein. It would be a good answer to say, if these pleas were double, yet as the duplicity has not been specially shown, they stand as on a general demurrer, and will be aided.|| But these two pleas are, in truth, free from duplicity; the [*]defendant could not have pleaded the involuntary escape, and return, before action brought, without also alleging, that the prisoner was, at the time of the plea pleaded, in his custody. This is manifest from all the precedents ; and if he had relied solely on the discharge by the court of common pleas, then at the trial he might have been surprised, and in fact charged for the involuntary escape ; so that both facts are necessarily blended in his defence ; and go to one point, to wit, an escape for which he was not responsible. The second ground of exception to the second and fourth pleas, is, that they do not show that the court of common pleas had jurisdiction to discharge the prisoner, *Haff*. It is a complete answer to this objection, that the plea avers the fact of jurisdiction in that court, and that it nowhere appears that the execution on which *Haff* was in custody exceeded 2,500 dollars. A ministerial officer can never be rendered liable for obeying the authority of a court, unless it appears that it had no jurisdiction. If the plaintiffs meant to contest that point, he might have replied it. As it stands, we must intend, that the court had jurisdiction. The third exception relates to the difference in dates between the discharge of *Haff*, by the court, and the sheriff's liberating him ; this does not require a serious consideration. The discharge by the court evidently means their order, and not the return of the prisoner ; but if it did, the time is immaterial, as the discharge by the sheriff was posterior to the order of the court. The fourth exception is unfounded, in fact ; the discharge by the

NEW-YORK,
Nov. 1807.

Currie and
Whitney
v.
Henry.

|| 1 *Saun.* 337.
note 3. 1 *Salk.*
219. 5 *Co.
myns'* 387.
E. 2.
[* 437]

NEW-YORK, Nov. 1807.

[* 438]

sheriff, under the order of the court, is averred in the pleas to be the escape charged in both counts. The third and fifth pleas are bad, in alleging, "that *Haff* was discharged out of custody by due course of law, as aforesaid," without stating how he was discharged. Pleas pleaded under leave of the court, must contain, in each of them, sufficient matter in law, to bar the plaintiff's action, and they cannot be made to depend on facts stated in other pleas. We are accordingly of opinion, [*]that the defendant must have judgment on the second and fourth pleas, and that the plaintiffs are entitled to judgment on the third and fifth pleas. (a)

(a) A plea, &c. which introduces several facts, all of which are necessary to constitute but one point of defence, is not bad for duplicity. M'Clure v. Erwin, 3 Cowen, 313.

Where the defendant pleads two distinct pleas, neither of which is in itself a defence, though both together would be, and the plaintiff replies separately, and goes to trial, and the pleas are found for the defendant, judgment shall be for him; for the cause is with him on the whole record; and the court will consider the two pleas substantially one, though in form two, and to avail himself of the defect the plaintiff should demur. Shook v. Fulton, 4 Cowen, 424.