*ALBANY,*
*October, 1824.*

M'Clure
v.
Erwin.

</div>

---

### M'CLURE, late Sheriff of STEUBEN, *against* ERWIN and others.

PLACITA of *October* term, 1822. *Memorandum* of *January* term, 1822. *Steuben County*, ss. *George M'Clure*, late Sheriff of the county of *Steuben*, plaintiff in this suit, complains of *Francis Erwin, John Knox* and *Eldad Mead*, defendants in this suit, in custody, &c. of a plea that they render to him $5000, of debt, which they owe to and unjustly detain from him, for this, to wit, that whereas the said *Francis, John & Eldad*, and one *Benjamin Parker*, in his life time, now deceased, and whom the said *Francis, John & Eldad* have survived, heretofore, to wit, on the 26th day of *March, A. D.* 1816, at, &c. by their certain writing, obligatory, sealed, &c. and to the Court, &c. the date whereof, &c. acknowledged themselves to be held and firmly bound unto

<div style="margin-left:2em">

First count of *narr.* on bond from gaoler, and his sureties, defts to the sheriff, pltff.

</div>

*stating condition, that if the former executed his trust, and would not suffer any prisoners to escape, then, &c.*

*averring that O. S. T. was committed to gaol on ca. sa. at the suit of O. H. and gaoler negligently suffered him to escape,*

the said plaintiff, Sheriff of the county of *Steuben*, in the sum above demanded, to be paid, &c. when they, the said *Benjamin*, &c. should be thereunto afterwards requested ; which said writing obligatory was and is subject to a certain condition, thereunder written, to the effect following, to wit : Whereas the above bound *Benjamin Parker* was appointed to the office of gaoler, or gaol-keeper, of the said county of *Steuben*, on the said day of *March*, in the year aforesaid ; therefore, the condition of the said above obligation was such, that if the said *Benjamin* should well and faithfully, in all things, perform and execute the trust reposed in him as gaoler of the county aforesaid, during his continuance in the said office by virtue of the said appointment, faithfully, without fraud, deceit, or oppression, and *would not, at any time, suffer any prisoners committed to his charge to escape from said prison, through his neglect,* until legally discharged, then the said obligation to be void, else to remain in full force and virtue. And the said plaintiff avers, that one *Olney S. Thatcher*, afterwards, to wit, on the 24*th* day of *March*, *A. D.* 1817, at, &c. was committed to the gaol of the said county of *Steuben*, he, the said *Benjamin*, then being gaoler as aforesaid, under and by virtue of the said appointment, in the said writing obligatory mentioned, on a *capias ad satisfaciendum*, directed to the Sheriff of the said county of *Steuben*, and delivered to the said *George M'Clure*, then being Sheriff of the said county of *Steuben*, issued out of the Supreme Court of Judicature of the state of *New-York*, at the suit of one *Olney Hines*, tested on the 1*st Monday* of *January*, *A. D.* 1817, and returnable on the 1*st Monday* of *May*, in the year last aforesaid, for the sum of $84,07, with directions endorsed thereon, to receive the said sum of $84,07, with interest from the 20*th* of *August*, 1815, besides Sheriff's fees. And the said plaintiff further avers, that after the said *Olney S. Thatcher*, otherwise called *Samuel O. Thatcher*, was committed to the gaol of the said county of *Steuben*, as aforesaid, he the said *Benjamin* being such gaoler as aforesaid, the said *Benjamin*, in his life time, afterwards, to wit, on the 1*st* day of *June*, *A. D.* 1817, at, &c. negligently suffered and permitted the said *Olney S. Thatcher*, otherwise

.called *Samuel O. Thatcher*, he, the said, &c. then not being legally discharged, to escape and go at large wheresover he would, out of the gaol of the said county, he the said *Benjamin* being such gaoler as aforesaid, under and by virtue of the said appointment in the said writing obligatory mentioned, he the said plaintiff having been, during all the time aforesaid, Sheriff of the said county of *Steuben ;* by means of which said premises, the said plaintiff hath sustained damages to a large amount, to wit, to the amount of $5000, whereby an action hath accrued, &c.

ALBANY,
October, 1824.

M'Clure
v.
Erwin.

whereby the pltff. sustained damages to $5000.

*Second count*, setting forth another bond, commitment and escape as in the first count, and adding—" by means of which said last mentioned negligence of the said *Benjamin*, as such gaoler as aforesaid, in suffering and permitting the said *Olney S. Thatcher*, otherwise, &c. to escape and go at large out of the said last mentioned gaol, and out of the charge and custody of him the said *Benjamin*, as such gaoler as last aforesaid, the said *Olney Hines*, afterwards, to wit, in the term of *January, A. D.* 1819, in the Court of Common Pleas in the said county of *Steuben*, before the Judges of the same Court, then and now being held at, &c. levied his certain plaint in a plea of debt against the said plaintiff, as such Sheriff as aforesaid, for the same identical escape last mentioned, of the said *Olney S. Thatcher*, otherwise, &c. from the gaol of the said county of *Steuben*, and from and out of the charge and custody of the said *Benjamin*, as such gaoler as aforesaid ; and such proceedings were thereupon had, in the said Court of Common Pleas, before the aforesaid Judges thereof, that afterwards, to wit, in the term of *February*, of the said Court of Common Pleas, *A. D.* 1820, it was considered and adjudged by the said Court, before the aforesaid Judges thereof, that the said *Olney Hines* should recover against the said plaintiff $84,07, of debt, and also $25,49, for the damages which the said *Olney Hines* had sustained, on occasion of the detaining that debt, over and above his costs and charges, by him the said *Olney Hines* about his suit in that behalf expended, and for those costs and charges $27,-85, whereof the said plaintiff is convicted, as by the record and proceedings, &c. (*averring the escape from the gaol of*

Second count the same ; averring also a suit against the sheriff for the escape, and judgment against him ; and

M'Clure
v.
Erwin.

*Notice to the dfts. of the pendency of that suit,*

*Steuben, and the escape for which the recovery was had, to be the same.*) And the said plaintiff further avers, that after the commencement of the aforesaid suit against him the said plaintiff, by the said *Olney Hines*, for the said last mentioned escape of the said *Olney S. Thatcher*, otherwise, &c. from the said gaol as aforesaid, and before the giving of the said judgment by the said Court of Common Pleas, in favour of the said *Olney Hines*, against the said plaintiff, for the said last mentioned escape of the said *Olney S. Thatcher*, otherwise, &c. as aforesad, to wit, on the 1*st* day of *January, A. D.* 1820, at, &c. the said *Francis, John & Eldad,* survivors as aforesaid, there had notice of the said suit which was so commenced as aforesaid, by the said *Olney Hines* against the said plaintiff, for the said last mentioned escape of the said *Olney S. Thatch-er*, otherwise, &c. from the said goal as aforesaid. By means of all which said last mentioned premises, in this count men-

*whereby the plaintiff had sustained damages to $5000.*

tioned, the said plaintiff hath sustained damages to a large amount, to wit, the amount of $5000, whereby an action hath accrued, &c."

Imparlance to *October* term, 1822.

*Pleas to first count, 1. That gaoler did not permit O. S. T. to escape. 2. That O. S. T. was not committed, and issue to the country on both pleas.*

*Pleas* to the *first* count : 1. That the said *Benjamin Par-ker* did not suffer and permit the said *Olney S. Thatcher* to escape, and go at large wheresoever he would, out of the said gaol of the said county of *Steuben,* (*concluding to the country.*)

2. That the said *Olney S. Thatcher* was not committed to the said gaol, whilst he the said *Benjamin* was the gaoler thereof, (*concluding to the country.*)

*3. That O. H. plaintiff in the ca. sa. permitted O. S. T. to escape, concluding with a verifi-cation ;*

3. That, at the said time when the said *Benjamin* is sup-posed to have suffered and permitted the said *Olney S. Thatcher* to escape, and go at large out of the said gaol, the said *Olney Hines* did permit and suffer the said *Olney S. Thatcher* to escape, and go at large out of said gaol where-soever he would ; and which is the same going at large out of the said gaol in the said first count mentioned, (*concluding with a verification and prayer of judgment, &c.*

4. Th₀t the said *Olney Hines* did not, at any time within one year from the time of the said escape of the said *Olney S. Thatcher,* in the said first count mentioned, bring or commence any action against him the said *George,* for the said escape ; and that the said *George* did not, at any time, within the said year, sustain any damage by reason, or on account of the said escape, *(concluding with a verification, and prayer of judgment. &c.)*

*Pleas* to the *second* count. 1. That the said *Benjamin* did not suffer and permit the said *Olney S. Thatcher* to escape, and go at large, as in that count is alleged ; and further, that the said *Francis; John & Eldad* had not, nor had either of them, at any time after the commencement of the said suit by the said *Olney Hines* against the said *George,* and before the giving of the said judgment therein notice of the pendency of the said suit; *(concluding with a verification and prayer of judgment, &c.)*

2. That the said *Olney S. Thatcher* was not committed to the said gaol whilst he the said *Benjamin* was gaoler thereof ; and that the said *Francis, John & Eldad* had not, nor had either of them, at any time after the commencement of the said suit by the said *Olney Hines* against the said *George,* and before the giving of the said judgment therein, notice of the pendency of the said suit, *(concluding with a verification, and prayer of judgment, &c.)*

3. That at the said time when the said *Benjamin,* in the said second count is supposed to have suffered the said *Olney S. Thatcher* to escape and go at large out of the said gaol, the said *Olney Hines* did permit and suffer the said *Olney S. Thatcher* to go at large out of the said gaol wheresoever he would, and which is the same going at large out of the said gaol in the said 2d count mentioned ; that the said *Francis, John & Eldad* had not, nor had either of them, at any time after the commencement of the said suit, by the said *Olney Hines,* against the said *George,* and before the giving the said judgment therein, notice of the pendency of the said suit, *(concluding with a verification, and prayer of judgment, &c.)*

---

ALBANY,
October, 1824.

M'Clure
v.
Erwin.

4. That *O. H.* did not sue the sheriff within one year after escape ; and that the sheriff sustained no damage from the escape within the year, concluding with a verificaion.

Pleas to the second count, 1 No escape, and that defendants had no notice of suit pending, concluding with a verification.

2. No commitment ; and no notice of suit pending, with the like conclusion.

3 That *O. H.* permitted the escape ; and no notice of suit pending, with the like conclusion.

ALBANY,
October, 1824.

M'Clure
v.
Erwin.

4. That the said *Olney Hines* did not, at any time within one year from the time of the said escape of the said *Olney S. Thatcher*, in the said 2d count mentioned, bring or commence any action against the said *George*, for the said escape last mentioned ; and that the said *Francis, John* & *Eldad*, had not, nor had either of them, at any time after the commencement of the suit by the said *Olney Hines* against the said *George*, and before the giving of the said judgment therein, notice of the pendency of the said suit ; that the said *George* did not plead to the said suit, or give in evidence at the trial thereof, that the same was not commenced in one year from the said escape in the 2d count mentioned as aforesaid ; but wholly neglected so to do ; and so the said *Francis*, &c. say that the said recovery was had by the said *Olney Hines* against the said *George* in his own wrong, and by his own default, (*concluding with a verification, and prayer of judgment*, &c.)

*Replications* relative to the *first* count. 1. To the 3d plea to the 1st count : That the said *Olney Hines* did not permit and suffer the said *Olney S. Thatcher* to escape and go at large out of the said gaol, in the said 1st count mentioned, wheresoever he would, in manner and form as the said *Francis, John* & *Eldad*, survivors as aforesaid, have, in their said plea to the said 1st count of the said declaration of him the said *George* alleged, (*concluding to the country*.)

2. To the 4th plea to the 1st count : That after the said escape of the said *Olney S. Thatcher*, in the said 1st count mentioned, to wit, in the term of *January*, A. D. 1819, of the Court of Common Pleas, in the said county of *Steuben*, before the Judges of the same Court, then, and now being held at, &c. the said *Olney Hines* levied his certain plaint, in a plea of debt, against the said *George*, as such Sheriff as aforesaid, for the same identical escape of the said *Olney S. Thatcher*, from the gaol of the said county of *Steuben*, and from and out of the charge and custody of the said *Benjamin*, as such gaoler as aforesaid in the said 1st count mentioned ; and such proceedings were thereupon had in the said Court of Common Pleas, before the aforesaid Judges thereof, that afterwards, to wit, in the term of *February*, in the said Court

*Margin notes:*

4. That *O. H.* did not sue sheriff in one year from time of escape, no notice of suit pending ; and that sheriff neglected to avail himself of statute of limitation, with the like conclusion.

Replications to the 3d plea to 1st count, and issue to the country ;

To 4th plea to 1st count, judgment against the sheriff for the escape, and notice to dfts. of the suit pending, concluding with a verification ;

of Common Pleas, A. D. 1820, it was considered and adjudg-ed by the said Court before the aforesaid Judges thereof, that the said *Olney Hines* should recover against the said *George*, in the said plea, $84,07 of debt, and also $25,49 for the damages which he the said *Olney Hines* had sustained on occasion of the detaining that debt, over and above his costs and charges by him the said *Olney Hines* about his suit in that behalf expended, and for those costs and charges, $27,85, &c. whereof the said *George* is convicted, &c. as by the record and proceedings, &c.; and the said *George* further says, that he was obliged to pay, lay out and expend, and necessarily did pay, lay out and expend a large sum of mon-ey, to wit, the sum of $50, in and about his defence in the said suit so prosecuted against him by the said *Olney Hines* for the said escape of the said *Olney S. Thatcher*, to wit, on, &c, at, &c. (*averring the escape from gaol, and the escape for which the recovery was had were the same.*) That after the commencement of the last aforesaid suit against him the said *George* by the said *Olney Hines*, for the said escape of the said *Olney S. Thatcher* from the said gaol as aforesaid, in the siad 1st count mentioned, and before the giving of the said last mentioned judgment by the said Court of Common Pleas in favor of the said *Olney Hines* against the said *George* for the said escape in the said 1st count mentioned as aforesaid, to wit, on the 1st day of *January*, A. D. 1820, at, &c. the said *Francis*, &c. survivors, &c. there had notice of the said suit, &c. which said suit was then depending in the said Court of Common Pleas, and undetermined as aforesaid, (*concluding with a verification, and prayer of judgment,* &c.)

*Replication* concerning the *second* count, to the 3d plea to that count; that they the said *Francis*, &c. survivors as aforesaid, after the commencement of the said suit by the said *Olney Hines* against the said *George* for the escape of the said *Olney S. Thatcher*, in the said 2d count of the said declaration of him the said *George* mentioned, and before the giving of the said judgment therein, had notice of the pendency of the said suit, in manner and form as he the said *George* hath in the said 2d count of the said declaration of

To 3d plea
to 2d count,
and issue to
the country.

ALBANY,
October, 1824.

M'Clure
v.
Erwin.

him the said *George*, in that behalf alleged, *(concluding to the country.)*

*Demurrers* concerning the *second* count: to the 1st, 2d and 4th pleas to that count, assigning for causes, as to the 1st and 2d pleas, that they deny the matters contained in that count, making complete issues, without setting forth any new matter whatever, and yet conclude with a verification; whereas they should have concluded to the country; and assigning for cause, as to the 4th plea, that it is double in alleging that no suit was commenced within the year, &c. and also that the plaintiff neglected to plead that fact on the trial in the Common Pleas, and also that the defendants had no notice of the suit, &c. *Joinder* in demurrer.

Rejoinder to replication to 4th plea to 1st count, denying notice of the suit pending; and averring that it was defended without defendant's knowledge; that sheriff neglected to avail himself of statute of limitation.
On special demurrers to the 1st, 2d and 4th pleas to the 2d count, and to the rejoinder to the replication to the 4th plea to the 1st count, held, that the rejoinder was not double, within the rule which denies the right to include two distinct and independent matters, requiring two separate answers, in the same pleading;

REJOINDER concerning the *first* count to the replication to the 4th plea. That the defendants had not, nor had either of them, at any time after the commencement of the said suit by the said *Olney Hines* against the said *George*, in the said replication mentioned, and before the said judgment therein, any notice of the said suit; and that the said *George* defended the said suit without the privity or knowledge of them the said defendants, or either of them; also that the said *George* in so as aforesaid defending the said suit, wholly omitted and neglected to plead thereto, or to give in evidence, or insist, upon the trial thereof, that the said suit was not brought or commenced against him, the said *George*, within one year from the time of the said escape in the said first count mentioned; and so the said *Francis*, &c. say that the said judgment against the said *George*, in the said replication mentioned, was recovered against him the said *George* by his own neglect and default. *(concluding with a verification, and prayer of judgment, &c.)*

DEMURRER to this rejoinder, assigning for cause, that it is double in denying notice of the suit, also in alleging that it was defended without the privity, &c. of the defendants; also in alleging that the plaintiff omitted to plead or give in evidence the statute of limitation; that the rejoinder concludes with a verification, though it only denies matters alledged in the replication, and should, therefore, have concluded to the country. *Joinder* in demurrer.

*J. C. Spencer*, in support of the demurrers, insisted, 1. That the 4th plea to the 1st count of the declaration was bad, because it set up matter in defence which was no bar to the action. It is a plea of *non damnificatus*, and hardly that; for the conclusion is not, in the general language of such a plea, that the plaintiff had sustained no damages, but merely that he had sustained none *within a year* after the escape. The plea of *non damnificatus*, in its broadest and most general language, would not be applicable. It is confined to a mere bond of indemnity. This is not so. The condition is, *that the gaoler shall well and faithfully, in all things, perform and execute the trust reposed in him, &c. and will not, at any time, suffer any prisoners, committed to his charge, to escape from the prison, through his neglect, until legally discharged*, &c. The declaration avers, that he permitted an escape, an act which, *per se*, subjected him to a forfeiture of the bond ; and, whether the plaintiff had sustained damages or not, he must recover. This very point was decided in *Andrus* v. *Waring & others*, (20 *John. Rep.* 153) and still more distinctly in the previous case of *Woods* v. *Rowan & Coon*, (5 *John. Rep.* 42.)

The rejoinder to the replication to that plea is also bad, for the same reason. It not only seeks to support the plea, which is a qualified *non damnificatus*, but the matter which it

ALBANY, October, 1824.

M'Clure
v.
Erwin.

that the several facts contained in it were connected and dependent, all tending to the point of defence sought to be introduced, viz. that judgment against the plaintiff was recovered through his default, in not availing himself of the statute of limitation, (1 *R. L.* 427. *s.* 26.) *Held*, also, that the rejoinder properly concluded with a verification ; inasmuch as it introduced new matter viz. the neglect of the plaintiff in

not setting up a proper defence to the action for the escape, which matter was not set up in the plea.

But *held*, also, that the plea, being properly one of *non damnificatus*, was bad, as being inapplicable to the condition of the bond, and the breach assigned ;

*Also*, that the matter of substance set up in the rejoinder, viz. want of notice, neglect, &c. were no bar even when taken in connexion with the plea which it followed.

*Held*. also, that the 4th plea to the 2d count was bad for the same reasons ; and

That the 1st and 2d pleas to the 2d count were defective in form ; inasmuch as they were a mere denial of the substance of the declaration, and should, therefore, have concluded to the country.

The plea of *non damnificatus* is applicable to an action on a bond to *save harmless* and *indemnify* the obligee, but to an action on no other bond.

A gaoler, who has given a bond to his principal, the sheriff, not to permit an escape, cannot defend himself against an action for the breach of that condition, upon the ground that in an action against the sheriff, for an escape which the gaoler had permitted, the former neglected to plead the statute of limitation, which had run against the action.

A plea, &c. which introduces several facts, all of which are necessary to constitute but one point of defence, is not bad for duplicity.

A plea, &c. which introduces new matter, should conclude with a verification.

But where it denies the whole substance of the plaintiff's declaration, it should conclude to the country.

M'Clure
v.
Erwin.

contains, is, in itself, no bar. It is also bad for the special causes assigned—*duplicity*, (1 *Ch. Pl.* 512) and a wrong conclusion, being to the Court instead of the country. It is also a departure from the plea. It admits that the plaintiff has sustained damages ; but endeavours to throw the fault upon him, in not pleading the statute of limitation. The plea which it was to support, denies the damages. The departure in *Andrus* v. *Waring* was much like this.

The 1st and 2d pleas to the 2d count of the declaration, are bad for the special cause assigned, viz. a wrong conclusion. Each should have concluded to the country; because they advance no new matter, but take issue upon facts which are fully and distinctly set forth in declaring, and upon which direct issues should have been taken.

The 4th plea to the 2d count is still more objectionable. It is not only double or triple, but the 3d averment is objectionable upon the same ground which we take in relation to the 4th plea to the first count. It sets up matter which is substantially bad, and forms no defence. The bond was forfeited *eo instanti* with *Thatcher's* escape, and it cannot be material whether the statute of limitations had run against the escape or not. An objection of this kind can, at most, go only to the damages. If each fact set up in this plea would constitute a valid defence, they cannot be joined.

*J. Platt*, contra. To determine the sufficiency of the 4th plea to the 1st count, it is necessary to advert not only to the condition of the bond, as set forth in the declaration, but the breaches assigned. The condition was correctly stated by the opening counsel; but the only breach assigned is, that the gaoler permitted *Thatcher* to escape. To this, alone, the plea was intended as an answer; and if it is, in truth, a legal answer to the allegation of an escape, the plaintiff's action must fail. Being thus narrowed down to an escape, the case is altogether distinguishable from that of *Andrus* v. *Waring*, relied upon by the plaintiff's counsel. There were, in that case, a great variety of breaches insisted upon ; but no escape from a *ca. sa.* was alledged. The latter is the only one insisted upon here, which the plea at-

tempts to answer, by saying that the Sheriff was not sued for the escape till all actions were barred by the statute of limitation of one year; and that, within the year, the Sheriff had sustained no damages. The plea has all the constituent requisites of a plea of *non damnificatus*; and the success of the Sheriff's action must depend upon the same ground as if the bond had been one of mere indemnity. If the two allegations of the plea be true, there is no damage to the Sheriff. He should have given notice to the bail, thrown the *onus* on them, and pleaded the statute of limitations. Having omitted these things, the whole is in his own wrong, and no damages are sustained, within the meaning of the condition. His honour Judge *Woodworth*, who delivered the opinion of the Court in *Andrus v. Waring*, remarks, that a bond like the one there in question, was not to be regarded as a bond of indemnity merely. If it had been given for indemnity, he admits that *non damnificatus* would be a good plea. It was not necessary to express an opinion upon this point, because the rejoinders were clearly bad, as being a departure from the plea; so that the demurrers must have prevailed, whether the plea was good for any thing or not. Even as to that bond, therefore, the question may not be considered as fully and finally settled by this Court. It is the less so, because his honour's opinion was founded on the case of *Woods v. Rowan & Coon*, also cited for the plaintiff. That case does decide, that a bond conditioned against an escape is not technically a bond of indemnity, and that a plea of *non damnificatus* is, therefore, inapplicable; but it has been repeatedly questioned, and finally overruled. It followed the case of *Tillman v. Lansing*, (4 *John. Rep.* 45) by which the community were so much agitated, that the legislature interfered by a declaratory act, in 1809 and 1810, (*sess.* 32, *ch.* 148; *sess.* 33, *ch.* 187; *and vid.* 1 *R. L.* 429, *s.* 6) confining an escape bond to the purposes of indemnity merely, and finally declaring, in terms, that the bond shall be for *indemnity only.* About the same time, the cases of *Jansen v. Hilton*, (10 *John. Rep.* 549) and *Barry v. Mandell*, (10 *John. Rep.* 563) in the Court of Errors, overruled two former decisions; and the Court declared that, independent of the

statute, and upon common law principles, the bond was a mere indemnity. If so, according to the doctrine of all the cases, it is enough for us to plead *non damnificatus*. This is admitted in *Andrus* v. *Waring*. The declaration here assigns the escape alone for breach, and, *quoad hoc*, the question is precisely like that in relation to a bond for the gaol liberties. In *Andrus* v. *Waring*, the plaintiff proceeded upon much broader grounds. The declaration was in debt on bond, generally, without noticing the condition. Upon oyer, the condition was, that one of the defendants should well and duly perform the office of *Deputy Sheriff*, in all things according to law, and should render a just and true account of all business that should come into his hands, as a Deputy Sheriff ought to do, &c. His honour, Judge *Woodworth*, may very properly have said, that *non damnificatus* was a bad plea at this stage of the pleadings, because the matter was left open, and it was not seen to what point it might come. It was not narrowed down, as here, to an escape only. It did not appear what the plaintiff would go for ; whether for moneys not accounted for, or neglect in the not serving process, or for an escape. A plea or averment may be good in one stage of the record, though it would be bad in another. No matter what followed that plea. Being bad at the point where it was put in, nothing which succeeded could make it good, even though the matter might have been so narrowed as to render the plea afterwards applicable, provided it had been reserved for a future purpose. That case is, therefore, not applicable here.

But whatever be the merits of the plea, it is said we have departed from it in the rejoinder to which the demurrer is taken. If we have done so, as the act consists merely in following where the plaintiff led us, it cannot be imputed to us as a fault. The departure will be found in the replication. This sets up a recovery against *M'Clure*, and notice of the suit in which the recovery was had. Not a word of this in the first count of the declaration. And is the plaintiff warranted in urging against us, as a departure, the introduction of facts which form an answer to his replication ? He shifts his ground, and, by the replication, attempt

to ingraft into the first count the closing averments of the second. He enlarges the first count, by setting forth facts entirely independent of, and disconnected with it; calls upon us for an answer, and then censures us because we have complied with the necessity which he imposed.

There is but a single demurrer to the 1st, 2d and 4th pleas to the 2d count; and if we maintain any one plea included in the joint demurrer, we must prevail. The second count sets forth the bond, condition, commitment and escape, an action brought for that escape, notice to the defendants during the pendency of the suit, and, finally, a recovery for the escape, against the Sheriff. The first plea denies the *escape and notice* of the suit; the second denies the commitment and notice of the suit; and the third denies the commencement of a suit within the year, notice of its pendency, and that the Sheriff availed himself of the statute of limitation; and all these pleas conclude with a verification.

To determine the manner in which these pleas should conclude, it is necessary to consult three classes of cases. One relates to a plea containing a simple negative of a naked fact, in which case it should conclude to the country; a second class is, where it sets forth a new fact, or a new set of facts, by way of avoidance, when it should conclude to the Court; and there is yet a third class of cases, where the conclusion is good either way. *Hedges* v. *Sandon*, (2 *T. R.* 459) belongs to the latter class. To a declaration upon bond, the defendant pleaded that it was given for a gaming debt; to which the plaintiff replied, that it was given for money justly due, and *not* for a gaming debt; and it was held that the replication might conclude either to the country, or with an averment; and, per *Buller*, J. " the general rule is that which has been stated by my brother *Ashurst*. If the replication put the whole substance of the defendant's plea in issue, he may conclude to the country. At the same time, there are exceptions to that rule, and there are many cases in which the conclusion is good either way." And he illustrates the proposition by the case of *Sanford* v. *Rogers*, (2 *Wils. Rep.*

113.) "That was (says he) an action for goods sold. Plea, judgment recovered in the K. B. for the same promises. Replication, *nul· tiel record, et hoc paratus est verificare.* Demurrer, and special cause shewn, that, by the replication, the issue upon the plea in bar is complete, and the plaintiff ought not to have concluded by a general averment only. After argument, judgment was given for the plaintiff. The Court thought that the issue was completely joined; and, therefore, the conclusion might have been otherwise; but, inasmuch as the precedents were of conclusions with an averment, they were for supporting it. They said there was no general rule to be laid down as to these things. Practice had, in many instances, allowed special pleas, which amount to the general issue; so conclusions with an averment, where they may be to the country. And they said, that in *Gardiner v. Fisher, (Mich.* 1 *Geo.* 1) the defendant pleaded another action pending: the plaintiff replied, that the cause of action was different, *absque hoc,* that the cause of action in this and the former were the same as alleged in the plea; *et hoc paratus est, &c.* Special demurrer, because the replication should have concluded to the country; but judgment was given to answer over, because the traverse makes the point more certain. (*Sir T. Raym.* 199. 1 *Vent.* 101. 2 *Keb.* 692, S. P.) But they concluded with saying it might be either way. So are all the cases, except that of *Mulliner v. Wilkes,* which was passed over without much notice. Therefore, I. am of opinion that, in such cases, the conclusion may be either way." Mr. Justice *Ashurst* said, " I thought that this case had been so well settled, by a variety of modern determinations, that it was not even intended to be argued. The general rule is this: Where the replication denies the whole substance of the defendant's plea, there the plaintiff may tender issue, and conclude to the country. *But where he selects one out of several facts, he may traverse that one, and conclude with a verification.*" The rule laid down by *Ashurst, J.* extends, in terms, to this very case; viz. the 1st and 2d pleas demurred to. Certain facts are selected from the declaration, by each plea, and denied. This warrants the

Conclusion of *et hoc paratus*, &c. *(and vid.* 1 *Saund.* 103, *a. n.* (1).)

As to duplicity in the rejoinder to the replication to the 4th plea to the first count, and in answer to the objection of duplicity to any of the pleadings, it is true, the general position will be found in *Co. Litt.* 304, *a.* that a plea, containing a multiplicity of distinct matters to one and the same thing, whereunto several answers, (admitting each of them to be good) are required, is not allowable in law. But this case does not come within that rule. The averments are not of distinct matters, or independent facts, requiring separate answers, but all the facts go to the same point of defence. All the facts averred are necessary to the defence. Abundant authority illustrating this distinction is to be found in the books. (*Robinson* v. *Bayley,* 1 *Burr. Rep.* 316. *Patcher* v. *Sprague,* 2 *John. Rep.* 462. 1 *Chit. Pl.* 512. *Plowd. Rep.* 193, 194. *Currie* & *Whitney* v. *Henry,* 2 *John. Rep.* 433.) Courts are liberal in allowing these pleas, where there is the remotest tendency, in the several matters, to a single point ; though there is good sense in the rule which denies plain and palpable duplicity. After laying down the premises in the plea, that the statute of limitations had run, and following it, in the rejoinder, with the fact that no notice of the suit pending was given, and no limitation pleaded, the concluding clause is mere matter of inference, and may be rejected as surplusage. It was necessary to say. the Sheriff neither pleaded, gave notice, or otherwise availed himself of the defence, after saying that the suit was barred. The whole is a mere allegation that he did not use due and legal means of defence. Yet we might have been liable on another contingency, although the suit was barred ; as if the Sheriff had given us notice, and troubled his head no further about it, and we had suffered judgment to go against him. It was, therefore, necessary, in order to exclude all cause of action, to shew that we had no notice of the suit. The rejoinder embodies the whole merits of the defence.

The same remarks, so far as duplicity is concerned, apply both to the 4th plea to the second count, and the rejoinder to

the replication to the 4th plea to the first count, when taken in connexion with the plea which it follows,

*Spencer*, in reply, did not deem it necessary, indeed it would hardly be decorous, to enter into a systematick vindication of the late judgment of this Court, in *Andrus* v. *Waring*, against the criticisms of the gentleman. But he would ask the indulgence of the Court in remarking, that the history given, of conflicting decisions, and legislative declarations, relate entirely to another species of bond—a bond given by the sureties of a prisoner on execution, to secure him the gaol liberties. Without much regard to the wording of that contract, it is finally settled, that it is one of mere indemnity. By the force of legislative acts, and the decisions of our tribunals, it forms an exception to the rule which applies to all other bonds similarly worded. It is sufficient to reply, that neither *Andrus* v. *Waring*, nor this case, are actions upon such a bond. The former was on a bond from a Deputy Sheriff, and the present on a bond from a gaoler, conditioned against defaults in the execution of their respective offices, against suffering escapes, &c. The reasoning of the Judge, therefore, in *Andrus* v. *Waring*, is sound, and accords with the rule which governs in these cases. *Holmes* v. *Rhodes*, (1 *B. & P.* 638) referred to in *Andrus* v. *Waring*, is a case as strongly to our purpose as *Woods* v. *Rowan* & *Coon*, (5 *John. Rep.* 42.) The reasoning of the Court, in *Andrus* v. *Waring*, was pertinent and necessary, and moreover directly applicable to the plea of *non damnificatus* in this case. The question was the same as here, upon the 4th plea to the first count; although the plaintiff might not have specifically pleaded his damages in the same stage of the record. It is said, we have narrowed down our claim to the escape. So, in *Andrus* v. *Waring*, the demand was narrowed to a point, which would as much warrant a plea of *non damnificatus* as the present declaration. It was seen, from the nature of the bond, on oyer, what breaches alone the plaintiff could insist upon, and *non damnificatus* would reach either of them as effectually as the present. One branch of the condition was, that the Deputy should

pay over moneys, which, from its nature, must have been, and was followed by an averment that he had neglected this, and thrown the duty upon the plaintiff, by which the latter had received damage. The same remark is applicable to all the breaches.

The duplicity in the rejoinder is almost too plain to admit of demonstration. It sets up three distinct matters, relating to as many distinct allegations in the assignment of breaches ; and how is it possible to dispose of the several issues to be joined upon these matters, by a single finding in the *postea?*

Several cases were cited by the gentleman, as to the manner in which pleas are to conclude; the general rule upon which we insist is not denied, and the cases cited merely go to shew a well established and admitted exception in the plea or replication of *nul tiel record.* Some elementary writers, it is true, have confounded the conclusion of this plea with a conclusion upon matter *in pais.* In relation to this, disconnected with matter of record, *Chitty* (1 *Chit. Pl.* 535 to 539) reconciles all the cases to the distinction that, where new matter is introduced, a verification is proper ; but where denial is interposed, either to the whole substance of the declaration or plea, or to any insulated fact which they contain, the proper and only conclusion is to the country. The single anomaly which he allows is, where the traverse relates to a matter of record. Then suppose the matters do all tend to one point, in the 4th plea to the second count, and the rejoinder in support of the 4th plea to the first count, being no more than simple denials of matter *in pais*, they should not conclude with a verification. What is the pleader to do ? Carry on a perpetual negative, at the will of the defendant? In this way, the plaintiff can never command an issue, and prepare his cause for trial.

It is said the rejoinder contains all the merits of the former pleas. If so, it may be added, that it contains all their faults. Neither the plea principally in question, nor the rejoinder, contain matter which will constitute a bar, if the substance alone is to be regarded. That the action was not brought against the Sheriff within one year is no bar,

ALBANY,
October, 1824.

M'Clure
v.
Erwin.

The statute of limitation was a privilege personal to the Sheriff. It is confined to him. The statute has not extended it to the bail. They are not embraced, either in its terms, or its policy. Notice of the suit pending was not necessary. Denying this was a mere anticipation of what the plaintiff might possibly have replied, to sustain his action upon some point not yet arisen. You might as well anticipate the defence of infancy, by averring in your declaration that goods were necessaries.

Again; having shown, that if the rejoinder is a mere negative, the conclusion is wrong; we say, if it puts in new matter, it is, therefore, a departure, and no matter how it concludes. Let the defendant choose either horn of the dilemma; it is alike fatal to his rejoinder.

*Curia*, per SUTHERLAND, J. The first point made by the plaintiff is, that the fourth plea to the first count of the declaration is bad, as it sets up matter of defence which is no bar.

The action is brought by the plaintiff as late Sheriff of the county of *Steuben*, upon a bond given by *Benjamin Parker*, the gaoler, and the defendants as his sureties, conditioned that he should well and faithfully, in all things, perform and execute the trust reposed in him as gaoler, during his continuance in office, without fraud, deceit, or oppression; and *that he would not, at any time, suffer any prisoner committed to his charge to escape from the prison, through his neglect until legally discharged.* The first count of the declaration, after stating the bond and condition, avers, that after giving the bond, and while *Parker* was gaoler, one *Thatcher* was committed to the gaol under a *ca. sa.* at the suit of one *Hines;* and that after he was so committed, *Parker*, being gaoler, negligently suffered and permitted him to escape; by means whereof the plaintiff sustained damage, &c. To this count the defendant pleaded four separate pleas, the last only of which is in question. It is, that *Hines* (the plaintiff in the execution) did not, within one year from the time of the escape, prosecute an action for it against the plaintiff; and farther, that the plaintiff did not, at any time, within the

year, sustain any damage by reason of the escape. (*Vid.* 1 *R. L.* 427. *s.* 26.) To this plea the plaintiff replied, that after the escape of *Thatcher, Hines* prosecuted an action of debt against the plaintiff for the escape, and recovered judgment ; and that while the suit was pending, and before judgment, the defendants had notice of it. To this replication, the defendants rejoin that they had not notice of the suit before judgment ; that the defence was conducted without their privity or knowledge, and the plaintiff wholly omitted to plead or otherwise avail himself of the fact that the statute of limitation had run against the escape ; and so, they say, the judgment recovered against the plaintiff was so recovered by his own neglect and default. This rejoinder the defendants concluded with a verification ; and the plaintiff demurs to it for two special causes, viz. duplicity and a wrong conclusion.

Neither of the two formal exceptions are well taken. The rejoinder is not double within the sense of the rule relied upon. The several matters which it contains all tend to the same conclusion. The point or main proposition which it seeks to establish is, *that the judgment which Hines recovered against the plaintiff, was recovered against him through his own neglect or default, in not availing himself in his defence of the fact that the suit was not commenced within a year after the escape.* In order to maintain that proposition, the defendants aver, *first,* that they had no notice of the suit ; and that the plaintiff defended it without their privity or knowledge. But this, of itself, is no ground of defence ; for if the plaintiff had set up every matter of defence within the power of the defendants, they were not injured by the omission. This became important, therefore, only when connected with the subsequent averment, that the plaintiff omitted to avail himself of a legal defence. Nor would the latter averment, alone, have been sufficient. The plaintiff, in his replication, had distinctly charged the defendants with notice of the suit. If that averment is material, and the defendants had omitted all answer, the notice would have stood confessed upon the record ; and been a complete answer to the allegation that the plaintiff had not availed himself of every legal matter of defence. The two

averments, therefore, form one connected proposition; and are constituent parts of the same entire defence. (1 *Chit. Pl.* 512. 1 *Burr.* 316. 2 *John. Rep.* 433. *id.* 462.)

The rejoinder properly concluded with a verification. The averment that the plaintiff neglected to avail himself of the fact that the suit of *Hines* was not commenced within a year after the escape, was new matter. The plea alleges merely, that the suit was not commenced within the year. The replication answers that allegation, by averring that the defendants had notice of the suit. The rejoinder denies the notice; and then adds that the plaintiff neglected to avail himself of that defence. Whether this be a departure from the plea or not is a distinct question; but it is clearly new matter; and brings the rejoinder within the established rule of pleading, that whenever new matter is introduced on either side, the conclusion must be with a verification. (1 *Chit. Pl.* 537. 1 *Saund.* 103, n.(1)

But the material inquiry is, whether the plea and rejoinder are good in substance. The plea is substantially one of *non damnificatus.* This is a good plea in all cases where the condition is *to indemnify and save harmless;* because it answers the condition in terms. But it is good in that case only. (1 *Saund.* 117, n. (1) *Codner* v. *Dalby,* Cro. Jac. 363. *Horseman* v. *Obbins,* id. 634. *Hulland* v. *Malken & Bristow,* 2 *Wils.* 126. *Manser's Case,* 2 Rep. 4. *Woods* v. *Rowan,* 5 *John. Rep.* 42. *Andrus* v. *Waring,* 20 *John. Rep.* 153.) The plea should go to the right of action—not to the question of damages. The plaintiff, so far as it depends upon the pleadings, shows his right to recover, by setting forth the bond with its condition, and alleging a breach of that condition, either general or special, as the case may require. If the defendant, by his plea, admit that the condition has been broken, he concedes the plaintiff's right to recover; and by not denying the breach assigned, but instead of doing this, interposing the general plea of *non-damnificatus,* he, in effect, admits the breach. In this case, the part of the condition alleged to be broken is, that *Parker would not, at any time, suffer any prisoner to escape.* The plea is, that the plaintiff did not suffer any damage by the es-

*cape.* The escape, and, consequently, the breach of the condition, are thus admitted; and the right of action follows. *Andrus* v. *Waring*, (20 *John. Rep.* 153) is in point. That was an action upon a bond given by a Deputy Sheriff to his principal. The condition, so far as it related to the question raised upon the pleadings, was substantially the same as in this case. It was held not to be a bond of indemnity; and the plea of *non damnificatus* was overruled as inapplicable. The rejoinder is bad for the same reasons, and must follow the fate of the plea. It admits the breach of the condition, alleging that the plaintiff might have avoided the consequence only of that breach.

The *second* count of the declaration differs from the first only in this, that it sets forth the suit and recovery by *Hines* against the plaintiff for the escape of *Thatcher*, and avers notice of that suit to the defendants. The first plea to this count denies the escape of *Thatcher*, and notice of *Hines'* suit against the plaintiff; and concludes with a verification. The *second* plea denies that *Thatcher* was committed to gaol while *Parker* was gaoler, with notice of *Hines'* suit; and also concludes with a verification. As to the *third* plea, there is no question, the plaintiff having replied and taken issue upon it. The *fourth* plea alleges that the suit of *Hines* against the plaintiff was not commenced within a year after the escape; that the defendants had no notice of the suit; and that the plaintiff did not avail himself, in his defence, of the fact that it was barred by the statute of limitation. The plaintiff demurred to the *first, second and fourth* pleas specially; and one cause of demurrer assigned both to the *first and second* pleas is, that they should have concluded to the country; and not to the Court. The exception is well taken. Those pleas deny the whole substance of the declaration. In such case the plea should conclude to the country. (1 *Chit. Pl.* 535. 2 *T. R.* 439.) The *fourth* plea is good in form, but bad in substance, for the reasons which have already been given in relation to the *fourth* plea to the first count.

Judgment for the plaintiff upon all the demurrers.