Van Ness, J.
The first question that arises, ill the consideration of this cause, is, whether the defendant-has pie ided a good ¡dea in bar; for if he has not, the plain- tiff must have judgment, notwithstanding his replication may be bad, according to the well-settled rule, that judgment must be against the party who, in pleading, commits the first fault. The fourth section of the act, referred to in the plea provides, that if the sheriff shall ignorantly seize any goods which shall he claimed by a third person, such sheriff may summon a jury to try the right, and if the jury find in favour of the claimant, the sheriff shall forthwith restore the property. The defendant in this case does not place the taking of the horses by the deputy sheriff, on the ground of Ids having done so, ignorantly, and so excuse the taking, but he sets up a fact, which if true, amounts tó a complete and perfect justification. Ifthe deputy sheriff was justifiable, the defendant was so also, having, as he avers in his plea, acted subordinately to the deputy sheriff, in bis aid, and by his command. The warrant was regularly issued, and the horses taken were in the'plaintiff’s possession, under a fraudulent conveyance from Sage the absconding or absent debtor. If that be the fact, the deputy sheriff was not only justifiable, but bound to attach the horses under the warrant. The inquisition of the jury,, who found the right of property to be in the plaintiff, is not conclusive, on the question of right. That inquisition merely protected the sheriff against a prosecution for the seizure, and entitled the claimant to an immediate' restoration of the property, leaving to the assignees, if they thought fit, the right to contest the validity of stick *465 claim in a suit at law. I consider the plea, therefore, to be good.
The next question that arises, is, whether there is a good replication. The facts stated in the plea, as constituting a justification, are, 1st. That the warrant was regularly issued and delivered to the deputy sheriff. 2d. That the deputy sheriff seized the horses by virtue of the warrant, being the property of Sage, but in the possession of the plaintiff, under a fraudulent conveyance. 3d. That the defendant acted in aid, and by command of the deputy sheriff. These are all dependent facts, making but one defence, and an omission to state either of them in the plea would have rendered the justification incompíete.
The replication admits the first, and takes issue directly upon the other facts. The case of Strong v. Smith and others,* and the case there referred to, of Robinson v. Raley,† are both in point, and decisive on this subject; all the modern decisions are in unison with them. Indeed, the law on this subject is so well established, that it ought not again to have been called in question. A plea may contain as many facts as are necessary to constitute one defence, and it is not on that account, double.‡ In this plea there are a variety of facts, but dependent, and all tending to the same point. The second exception is also groundless. Several and distinct facts, and things in the sense in which it is intended this exception shall be understood, are not attempted to be put in issue. What has been said in answer to the first exception applies equally to the second. As to the third exception ; when a replication ought to conclude to the country, and when with a verification, has frequently embarrassed the ablest special pleaders on this subject, and it is difficult to lay down any general rule. Each case must, in a great measure, depend on its own circumstances. Sergeant Williams, in his edition of Saunders, (vol. 1. p. 108. n.[1.) has elabo *466 rately discussed the question, and reviewed all the lead- . . . . mg cases relating to it. The only objection to the conclusion in this replication, is, that it selects three particular facts alleged in the plea, and puts them in issue. The rule for a long time was, that when a particular fact in the plea was selected and traversed, the replication ought to conclude with a verification; but it has been justly remarked, that this rule is not universally true; that many instances may be mentioned where the conclusion must be to the country. It seems now to be considered as the best and safest rule, where a defendant cannot take any new or other issue in his rejoinder than the matter he had pleaded before, without a departure from his plea, or where the issue on the rejoinder would be the same in substance as on the plea, for the plaintiff to conclude to the country. This rule has very properly been adopted by the plaintiff in the present case. Had he concluded with a verification it would only have led to prolixity, and the issue must eventually have been substantially the same.*
The plaintiff, by his replication, without introducing any new matter, admits that Sage had absconded, and the proceedings 'under the statute before mentioned, (for whatever is traversable in pleading, and which is not traversed, is admitted) but he denies, that he had the possession of the horses under the fraudulent conveyance, and that the officer seized them by virtue of the warrant, and denies also, that the defendant acted in his aid, and by his command ; thus negativing the material affirmative facts in the defendant’s plea. On this state of the pleading, the parties ean fairly go to trial, and the merits of the cause befairly investigated. My opinion, therefore, is, that the plaintiff ought to have judgment.
Kent, Ch. J., and Spencer, J. were of the same opinion.
Thompson, J., not having heard the argument in the. case, gave no opinion.
Judgment for the plaintiff.

 3 Caines, 160.

 1 Burrow, 316.

 See ante, 437.

 See ante. 428.