Cooper *against* Heermance.

THIS was an action of *debt*, on a judgment. The defendant pleaded his discharge under the act, entitled " an act for giving relief in cases of insolvency." The plaintiff replied, that the defendant, at the time of presenting his petition to the judge for relief, under the act, was indebted to one *Hans Kiersted*, in the sum of 500 dollars, and in order to obtain his discharge, procured *Kiersted* to become a petitioning creditor for a larger sum than was and that he had concealed a debt due to him, which he did not insert in his inventory, and also that he had been guilty of perjury. On a demurrer, the replication was held bad, as containing three distinct and independent grounds for avoiding the discharge, which would require several distinct points to be put in issue.

*[margin note:]* ALBANY, August, 1808.

Cooper v. Heermance.

*[margin note:]* To a plea of a discharge under the insolvent act, the plaintiff replied, that the defendant had procured a creditor to sign his petition and make affidavit for a larger sum than was due to him;

really due to him from the defendant, to wit, the sum of 4790 dollars and 73 cents, and that *Kiersted* signed the defendant's petition, and made the affidavit for that sum, according to the act. The plaintiff also replied further, that the defendant, at the time of presenting his petition, was indebted to the plaintiff, in the sum of 251 dollars and 15 cents, and that the defendant fraudulently conceal-ed the amount of the debt so due to the plaintiff; and fur-ther, that one *Elizabeth Cooper*, administratrix of *Ananias Cooper*, deceased, was indebted to the defendant, at the time of presenting the petition, in the sum of 263 dollars, and 77 cents, which debt was a part of the estate and ef-fects of the defendant; and that the defendant delivered to the judge, at the time of presenting his petition, an inventory of all his estate, real and personal, &c. and made oath to the same, and did falsely swear that the in-ventory so by him presented, was, in all respects, just and true, when, in fact, the said inventory was not just and true; and that the debt so due to him from the said *Eli-zabeth Cooper*, administratrix, &c. was not mentioned, or set down in the inventory, but was fraudulently concealed by the defendant, whereby the defendant was guilty of per-jury, &c.

To this replication the defendant demurred specially, and assigned for causes of demurrer,

1. That the replication attempts to put in issue, several and distinct matters.

2. That the replication is double in alleging, by way of avoiding the discharge of the defendant, several and dis-tinct matters, each of which, if true, and rightly pleaded, would have avoided the discharge, thereby tending to in-troduce a multiplicity of issues on the record.

3. That the replication is multifarious, and presents a variety of points, but not one single point on which issue can be joined, &c.

*Slosson*, in support of the demurrer. The replication in this case is similar to the one in the case of *Service* v. *Heermance*,* and which the court determined to be bad.

* 2 *Johns.* 96.

It presents three distinct and independent grounds for avoiding the defendant's discharge, each being a distinct point, and concluding with a verification. This kind of *duplicity* in pleading is not permitted. The statute allowing several pleas to be pleaded, does not apply to replications, and by the common law double pleas are not allowed.*

*Colden*, contra. The replication alleges that the discharge is void, because obtained by fraud. Fraud is a single ground or point, and the party may set forth several facts and circumstances in this replication to show the fraud.

In the case of *Service* v. *Heermance*,† the court said, that a replication of fraud generally would not be sufficient ; but that the plaintiff must specify the acts on which he means to rely, as fraudulent.

In the case of *Ashton* v. *Sherman*,‡ which was an action of debt against an administrator, the defendant pleaded six judgments against him on bonds, and *nil assets ultra ;* the plaintiff replied, that four of the judgments were obtained by fraud, and as to the other two, the defendant had *assets*, &c. and the replication was held not to be double.

All the facts here stated, in the replication, constitute one defence against the defendant's discharge, that is, fraud.§ The reason of the ancient rule, as to the duplicity of pleading, is not satisfactory. For there can be no great inconvenience, in putting several and distinct matters at issue, and having several issues to be tried. These cases, where fraud is set up in avoidance, may be considered as exceptions to the general rule.

*Harison*, in reply. If any number of pleas were allowed, requiring various issues, it would produce much embarrassment in practice. If the act had said generally, that all discharges obtained by fraud, should be void, it might have been sufficient, to have replied generally, that the discharge was obtained by fraud. But as the particular acts or frauds are specified, each act or fact becomes a

ALBANY,
August, 1808.

Cooper
v.
Heermance.

* *System of Pleading*, 222.
5 *Comyns' Pleader*, (E. 2.)
3 *Bl. Com.* 308.
1 *Plowd.* 140 a.

† 2 *Johns.* 96.

‡ 1 *Ld. Raym.* 263. 2 *Saund.* 48.

§ 5 *Bac. Abr. Pleas*, (K.) 444.

ALBANY,
August, 1808.

Cooper
v.
Heermance.

distinct and sufficient ground to avoid the discharge. Whether the reason of the rule, as stated by Lord *Coke*, be thought satisfactory or not, it is enough that it has been established and recognised for centuries. This point was not decided in the case of *Service* v. *Heermance*, as there were other reasons for setting aside the replication.

SPENCER, J. delivered the opinion of the court. It has been repeatedly decided in this court, as well as in the *English* courts, that distinct matters cannot be put in issue by a replication, unless they are necessary to constitute one point. In such case, the facts must have a relation to each other, and be so dependent, and connected, as to render it necessary to state them all, in order to make out the point. This rule is well exemplified in the case of *Strong & Udall* v. *Smith.* (3 *Caines*, 162.)

The statute enumerates several acts of fraud, either of which will invalidate the discharge. Among these, the fraudulent concealment of creditors, the procuring any person to become a petitioning creditor for a larger sum than is really and *bona fide* due, the commission of perjury, by concealing any part of his estate or effects, are particularly specified; and as either of them would avoid the discharge, they cannot in any view, be considered as dependent or connected facts. The replication, therefore, violates an established rule of pleading, which requires a traverse to be of a single point.

It was suggested, that the decision of the court in the case of *Service* v. *Heermance*, seemed to sanction this mode of replying, but there is nothing in that case to warrant the observation.

We are, therefore, of opinion, that the replication is bad; but as the plaintiff has asked leave to amend, on payment of costs, leave is granted for that purpose.

THOMPSON, J. not having heard the argument in the cause, gave no opinion.

Judgment for the demurrant.