### TUCKER and others *against* LADD and LADD.

Where the defendant pleads several facts, all constituting but one point of defense, or in other words, one defense, the plaintiff may traverse, and tender an issue on all or any one of the facts; otherwise if they are distinct and independent of each other; and not necessary to the single point or defense.

ON demurrer to the replication. The third count of the declaration was for money had and received.

Thus, where, to a count for money had and received, the defendants pleaded, 1. The money belonged to one Y., for whom the plaintiffs were trustees; 2. That the promise to pay was made to them in that capacity; 3. That the defendants and one P. had a judgment against Y.; 4. That this judgment was for the sole benefit of the defendants; and

The second plea was to this count alone; and stated that the money mentioned therein belonged to one Yeaton, for whom the plaintiffs were trustees; that the promise alleged was made to them in that capacity. That before the making of the promise, the defendants and one Parry (Parry being trustee for the defendants) recovered a judgment in the state of New Hampshire, against Yeaton, in which the defendants were at the time, and now are solely interested. The plea then proposed to set this off against the plaintiffs' claim.

Replication, denying, 1. That the money mentioned in the count belonged to Yeaton; 2. Denying that the promise was to the plaintiffs as trustees of Yeaton; 3. Denying that Parry was trustee of the defendants, for the money awarded by the judgment; 4. Denying that the defendants were solely interested, &c., as alleged in the plea.

Special demurrer; assigning for cause that the replication *is double (showing the above four enumerated particulars for duplicity;) and that it tendered two distinct issues; and the plaintiffs had attempted to put in issue all the matters mentioned in the plea.

[*451]

*R. Sedgwick*, in support of the demurrer, cited 1 Chit Pl. 578, 625; 3 Caines' Rep. 160; 3 John. Rep. 318; 10 id. 400; 2 id. 464; Bac. Abr. Pleas & Pleadings, (K.) pl. 1; 3 Lev. 243; Barn. 363; Str. 317; 2 Saund. 49; Com. Dig. Pleader. (F. 16;) Plowd. 194.

*G. Griffin*, contra, cited 1 Burr. 316; 2 Barnw. & Cresw. 908; 3 Cowen, 320; 13 John. 9; 10 John. 396.

*Curia, per* SAVAGE, Ch. J. It will be necessary only to inquire whether the replication is faulty, for duplicity and multifariousness. If that objection fails, the others cannot be sustained.

This question has often been before the court, and as

offered to set it off against the plaintiff's; *held,* that the plaintiffs might reply, taking issue on all these facts.

But *semble,* that the plea was bad; a set-off not being pleadable; but o ily the subject of notice under the general issue.

UTICA,
August, 1827.
Tucker
v.
Ladd.

often decided. In the language of the late Mr. Justice Van Ness, the law on this subject is so well established, that it ought not again to have been called in question. (2 John. 466.) A plea may contain as many facts as are necessary to constitute one point, without being chargeable with duplicity;[1] and the replication may traverse all, or any of those facts, without the charge of multifariousness.[2] The

[1] In an action on an executory contract for the purchase of lands, a plea by the vendee alleging that the defendant had no title when he was required to convey, and that the premises were encumbered by a mortgage, is bad for duplicity. *Camp* v. *Morse,* 5 Denio, 151.

In debt on bond, a single plea, containing the substance of *non est factum* and *nil debet,* is bad. *Muzzy* v. *Shattuck,* 1 Denio, 233.

In a demurrer to a replication for duplicity, the cause of demurrer is specially expressed, by an averment that the replication traverses several distinct and material allegations in the plea; when by referring to the plea, it appears to take issue on several distinct averments, each of which are material. *McNulty* v. *Frame,* 1 Sandf. 126.

The rule, that a plea in replevin or a replication in any other action shall not be double, does not apply where one of the two facts denied is mere surplusage. *Webber* v. *Shearman,* 3 Hill, 547.

A plea by a vendor that he was not requested to convey, and that he did not refuse, is bad for duplicity on special demurrer. *Connelly* v. *Pierce,* 7 Wen. 129.

A plea in trover, stating that the goods were sold by order of the plaintiff on commission, and that the defendant was discharged under the insolvent act, is bad for duplicity. *Kennedy* v. *Strong,* 10 J. R. 289.

To a plea of a discharge under the insolvent act, the plaintiff replied that the defendant had procured a creditor to sign his petition, and make affidavit for a larger sum than was due him; that he had concealed the plaintiff's debt, and had also concealed a debt due to him, (the insolvent.). The replication is bad as containing three distinct and independent grounds for avoiding the discharge, which would require several distinct points to be put in issue. *Cooper* v. *Heermance,* 3 J. R. 315. *Service* v. *Heermance,* 2 J. R. 96.

A plea may contain as many facts as are necessary to constitute one defense, and it is not on that account double. *Patcher* v. *Sprague,* 2 J. R. 462.

In trespass, a plea that the goods taken were seized by a deputy sheriff by virtue of a warrant, as the property of an absconding debtor, (setting forth the proceedings under the act, and that the plaintiff held the goods by a fraudulent conveyance from the debtor,) and that the defendant acted in aid of, and by command of the deputy sheriff, &c., is good. Ib. (Dig. of N. Y. Rep. pp. 753, 754.)

[2] A replication is not subject to the charge of duplicity, unless it sets up two or more answers to the matter relied on as a defense in the plea; if it contain no more facts than are necessary to be stated to establish the point

general rule undoubtedly is, that the issue must be single; but the single point may consist of many facts, if they be dependent and connected.

The leading case, on this subject, is *Robinson* v. *Raley*, (1 Burr. 316.) That was an action of trespass. The defendant claimed a right of common; and averred that the cattle were his own, that they were levant and couchant upon the premises; and commonable cattle. The replication traversed these several facts; and it was demurred to as multifarious. Lord Mansfield said, here the point is, the cattle being entitled to common. This is the single point of the defense. But in fact they must be both his own cattle, and also levant and couchant; which are two different essential circumstances of their being entitled *to common; and both of them essentially requisite. This case was cited as good law in *Strong* v. *Smith*, (3 Caines, 162.) In that case, the plea contained two facts, which were essential to the defense. Both those facts were traversed in the replication; which was held good upon special demurrer.

[*452]

Duplicity consists in traversing distinct matters, not necessary to one point. (3 John. 318.)

set up by way of answer to the plea, it is unobjectionable. *Russel* v. *Rogers*, 15 Wen. 351.

Where a replication contains two distinct matters in avoidance of the plea, either of which is a good and perfect answer, the defendant is not bound to demur for duplicity, or to answer to both matters, but may take issue upon either of the matters set up in avoidance. *Gould* v. *Ray*, 13 Wen. 633.

If, however, such issue be found for the defendant, and the other matter set forth in the replication which remained unanswered, and was of course admitted, be decisive of the merits of the case, the plaintiff will be entitled to judgment *non obstante verdicto*. Ib.

Double replications or rejoinders cannot be interposed but by leave of the court, obtained on special application. *Ames* v. *West*, 4 Wen. 211.

A replication to a plea, that the promise declared on was made by the defendant and a third person, and that a release was executed to such third person, denying both the joint promise and the release, is bad for duplicity. *Tubbs* v. *Caswell*, 8 Wen. 129.

It seems, that in actions of tort, where the defendant sets up matter merely by way of excuse, the plaintiff, by a replication of *de injuria*, &c., may put in issue every material allegation in the plea, but this manner of replying is not allowed where the defendant by his plea insists upon a full and adequate right. Ib. (4 N. Y. Dig. p. 1015, *et seq.*)

The same doctrine is laid down in *Cooper* v. *Heermance*, (3 John. 318,) where Spencer, justice, says, the facts must have relation to each other; and be so dependent and connected as to render it necessary to state them all in order to make out the point. The cases of *Patcher* v. *Sprague*, (2 John. 466,) and *M'Clure* v. *Erwin*, (3 Cowen, 331,) are both to the point. The rule, I apprehend, is well settled; and the only difficulty is in its application.

In this case, the point of the defense is the set-off. To show that a right of set-off exists, all the facts set up in the plea are necessary. The plaintiff might, indeed, have admitted part of the facts directly, or by protestation, and traversed the residue; but he was not bound to do so. He is right in traversing all the facts constituting the single point of the defense. The replication is, therefore, good.

Whether the matter set up in the plea is a good defense, it is not necessary to decide; but this court have several times held, that, under our statute, the defendant cannot plead a set-off. He must give notice of it with the general issue. (10 John. 400. 5 Cowen, 231, 368.) The plaintiffs are entitled to judgment on the demurrer to the replication.

SUTHERLAND, J., not having heard the argument, gave no opinion.