NEW-YORK,
May, 1832.

Supervisors of
Monroe
v.
Beach.

</div>

Nonsuit set aside and new trial granted.

---

THE SUPERVISORS OF MONROE *vs.* BEACH and others.

Where, in an action on the bond of a *county treasurer*, the plaintiffs in their replication assigned a breach, alleging an accounting and a balance of $5000 found due, the subsequent receipt by the treasurer of $20,000, and the drawing of orders on him in favor of divers individuals for various sums, setting forth the orders specially, and a presentment and non-payment of the same; and the defendants *rejoined*, denying the accounting and the subsequent receipt of money, and yet undertook to answer in reference to each particular order for money set forth in the replication, alleging some to be paid, others not presented, &c.; *it was held*, that the assignment substantially presented but *one breach*, and that the *rejoinder* of the defendants was bad for duplicity and as presenting immaterial issues.

SUIT on county treasurer's bond. The declaration is on a bond in the penalty of $20,000, conditioned for the faithful

discharge of the duties of the office of treasurer of the county of Monroe, by *S. M. Smith*, duly appointed to that office on the 8th October, 1825, on which day the bond bears date. The declaration is general. The defendants, who are the sureties of the treasurer, after craving oyer, plead, 1. *Non est factum*, and 2. *Performance.* The plaintiffs *reply* to the second plea, that *Smith* remained and continued treasurer of the county from the date of the bond until the 25th July, 1829 ; that during that time he, by virtue of his office of treasurer, received divers sums of money, to wit, $20,000 raised in the county of Monroe to defray the public and necessary charges and expenses thereof; that he had not paid over the same according to law, and had neglected and refused to render a just and true account thereof to the plaintiffs. The plaintiffs *secondly* assign, as a breach of the bond, that on the 8th October, 1828, Smith accounted with them, and a balance of $5000 was found to be owing by him ; and that afterwards, on the same day and at various times between that day and the 25th July, 1829. Smith, by virtue of his office of treasurer, received the further sum of $20,000, raised for defraying the public charges of the county, to be paid by him in such manner as the plaintiffs should by written order direct. They then allege the drawing of various orders in favor of several individuals for specific sums, setting them forth particularly, and the presentment and non-payment of the same, and *generally*, the making of orders in favor of divers persons, to the amount of $20,000, and the presentment and non-payment of the same. There is a *third breach* assigned, in which, after setting forth the accounting and balance found due, and the subsequent receipt by Smith of $20,000, as set forth in the second breach, the plaintiffs allege that Smith, on the 1st June, 1829, embezzled the sum of $20,000. To this replication the defendants *rejoin* as to the *first breach* assigned, that Smith paid over the $20,000 received by him, and rendered a just and true account thereof, concluding with a verification ; as to the *second breach*, that such accounting did not take place, nor was Smith found in arrear and indebted in the sum of $5000, as alleged by the plaintiffs, and conclude to the country ; as to the *third breach*, they deny that Smith as treasurer,

NEW-YORK,
May, 1832.

Supervisors of
Monroe
v.
Beach.

after the 8th October, 1828, received the sum of $20,000, as alleged in the replication; and they put in an answer as to each particular order set forth in the replication, alleging that some were paid, others not presented, and others not paid for want of funds; and as to the *residue* of the replication, they deny that such accounting did take place on the 8th October, 1828, and that such balance was found due as is alleged in the replication, and that subsequent to that day, Smith, as treasurer, received $20,000, as is also alleged; and they deny that Smith embezzled any money received by him as treasurer, or refused to pay over or account for the same. To this rejoinder the plaintiffs *demur,* assigning for cause specially that the defendants have tendered *immaterial issues* by putting in issue the accounting of Smith, the specific sum found due by him, and the specific amount received by him as treasurer; also that the rejoinder is *double* in denying the accounting, the balance found due, and the subsequent receipt of money, and then undertaking to give specific answers to the several specifications set forth in the replication as to the drawing of orders; and also that it is *informal* in answering the second breach assigned in the replication, as if the matters assigned were several and distinct breaches, and not parts of one and the same breach. The defendants joined in demurrer. There are other pleadings in the cause, not deemed necessary to be stated.

*M. T. Reynolds,* for plaintiffs.

*J. C. Spencer,* for defendants.

*By the Court,* Nelson, J. It is obvious that some of the errors of the defendants have arisen from a misconception of the pleadings on the part of the plaintiffs, especially as it regards the replication to the plea of performance and the breaches assigned in such replication. Three breaches are assigned : In the first it is alleged that Smith as treasurer had received $20,000, that he had not paid over the same, and had neglected and refused to account. To this breach the defendants rejoin correctly, and issue is taken. The se-

cond breach assigned, the plaintiffs contend, is a single assignment, though embracing several facts. On the other hand, the defendants have viewed it as an assignment of a variety of breaches, and have undertaken to answer each separately. Upon a critical examination of the facts alleged in this assignment, there can be no doubt that it substantially presents but one breach of the condition of the bond ; it shews in the hands of the treasurer $25,000 of public monies belonging to the county, which he was bound to hold subject to the written orders of the supervisors, 2 *R. L.* 138, § 4, and that those written orders were drawn and presented, and payment refused. This is a breach of the condition in the bond " to pay over all the monies which shall come to his hands as treasurer according to law," and nothing more, and should have been answered as such. It was said, on the argument, that the defendants had different answers to the several orders presented, and therefore it would be unjust to preclude them from availing themselves of such distinct defences. There are two material facts alleged in the breach : *the amount of money* in the hands of the treasurer, and the *refusal to pay* on the orders of the supervisors being presented, and issue might and should have been taken upon one of them. Both are material to constitute the breach, and a denial of either would have put it in issue. Instead of pursuing this course, the defendants have denied the *accounting with* the supervisors, the *balance of* $5000, the subsequent *receipt of* $20,000 and then answer in detail each order set forth in the breach. It is obvious that the accounting is only inducement to the balance of $5000 found due and remaining in the hands of the treasurer, and consequently the denial of it is wholly immaterial. It is equally as palpable that the denial of any public monies in the hands of the treasurer constitutes a complete answer to the breach assigned; for if he had no money, he of course was not bound to pay the orders presented. I can perceive no objection to the defendants taking issue upon the orders in detail, as the facts may be : but in that case, they ought not to deny wholly the allegation of money on hand in the treasury. They might have stated the amount of money received, according to the fact, and then accounted for that

sum, which, taken together, would have presented but one answer to the breach assigned. The several rejoinders, therefore, to this breach are bad as presenting immaterial issues, and for duplicity. The rejoinder to the third breach is also liable to the same objections.

NEW-YORK,
May, 1832.

Presbyterian
Congregation
of Salem
v.
Williams.

Judgment for plaintiffs on demurrer, with leave to defendants to amend.