NEW-YORK,
May, 1833.

Tuttle
v.
Smith.

---

## TUTTLE *vs.* SMITH.

Where, to a plea of the *statute of limitations*, the plaintiff replies the suing out of process and a promise within six years previous to such process, a rejoinder denying both the suing out of process and the promise alleged in the replication is bad for *duplicity*.

Where several facts constituting one point of claim or defence are pleaded by a party, his adversary is not at liberty to traverse each fact, but must confine himself to the denial of one of the facts alleged, if such denial, verified by proof, will bar the claim or defeat the defence.

STATUTE of limitations. The plaintiff declared on a special agreement, whereby the defendant, on the 6th January, 1816, promised to pay to the plaintiff and account to him for all such monies, &c. as he should receive of one Montgomery, on account of a certain contract between the plaintiff and Montgomery, delivered by the plaintiff to the defendant, when the latter should be thereto afterwards requested. The plaintiff avers that on the 1st May, 1816, the defendant received of Montgomery, on account of the contract, $600 in cash and $600 in goods, &c. and that on the 1st December, 1820, the plaintiff demanded of the defendant payment of the

money and delivery of the goods; but that he refused, &c. The defendant pleaded *non assumpsit infra sex annos,* and *actio non accrevit infra,* &c. To the *first plea* the plaintiff *replied,* that within six years after the making of the promise in the declaration mentioned, to wit, on the 28th May, 1825, he sued out a *capias ad respondendum* against the defendant, returnable on the first Monday of August, then next, which was delivered to the sheriff of Madison on the 15th June, 1825, who, on the day last mentioned, arrested the defendant, and detained him in custody at the suit of the plaintiff, by virtue of the said process; and that within six years before the suing out of the said process, the defendant undertook and promised, &c. and averred that the process thus sued out was prosecuted with the intent to implead the defendant for the causes of action in the declaration mentioned. To the *second plea* the plaintiff replied, that after the accruing of the said cause of action, to wit, on the 15th August, 1819, the defendant promised to pay, &c. and within six years after the making of the last promise, to wit, on the 28th May, 1825, the plaintiff sued out a *capias,* &c. as in last replication. The defendant *rejoined* that the said several writs were not prosecuted *with the intent to implead him,* in manner and form, as alleged by the plaintiff, and that he did not promise as in the replications alleged. To the *rejoinders* of the defendant the plaintiff demurred for *duplicity.* The memorandum in the demurrer book was as of May term, 1824.

*J. A. Spencer,* for the plaintiff, relied upon 8 *Wendell,* 129.

*C. P. Kirkland,* for the defendant, insisted that the *rejoinders* were not double; that a traverse may be taken to any number of facts making but one point necessary to the maintenance of a claim; and that each of the allegations in the replications being material to the support of the plaintiff's claim, the defendant had a right to traverse each. He further insisted that the commencement of a suit in 1825 did not obviate the plea of the statute of limitations interposed to a recovery in a suit brought in 1824.

*By the Court,* SAVAGE, Ch. J. The demurrers seem to be well taken. It would have been a sufficient answer to the

replications to have denied either fact alleged in them ; for if the defendant had promised as alleged, and no suit had been brought within six years which had been continued and was connected with this suit, the plaintiff could not recover ; so, if the suit had been brought as alleged, but there had been no promise within six years before suit brought, the plaintiff must fail.    The denial of either fact, therefore, was sufficient to bar the plaintiff's suit.    The defendant has traversed both.  This constitutes duplicity, and it is no excuse to say that the plaintiff had alleged both facts in his replications to which these rejoinders were answers.    Both facts were necessary to make a good replication to a plea of the statute of limitations ; the plaintiff could not avoid the statute without shewing a suit brought, and a new promise within six years before the bringing thereof.    In the replication both facts combined make but one point, but in the rejoinder they severally constitute a good defence ; the rejoinders are therefore bad.    This point was decided in *Satterlee* v. *Sterling,* 8 *Cowen,* 233, and in *Tubbs* v. *Caswell,* 8 *Wendell,* 130.    It must be admitted that the cases in this court on this subject are scarcely reconcileable.    In *Strong* v. *Smith,* 3 *Caines,* 160, it was held, that a traverse may be taken to any number of facts, if all are necessary to make one point ; and the same doctrine was reiterated in *Tucker* v. *Ladd,* 7 *Cowen,* 450 ; but the case of *Tubbs* v. *Caswell,* being in the highest court, must control.

It is contended that the replications are bad, because the suits commenced are alleged to have been brought in 1825, after the commencement of this suit, which appears by the memorandum to have been brought in 1824.    There is some discrepancy in the record, but the replication is consistent with itself, and the allegation there, is that the proceedings in this suit are in pursuance of the suit thus commenced.

Under this demurrer the defendant can only take advantage of defects in substance in the pleadings of the plaintiff. The replication is in substance a good answer to the plea of the statute.

The plaintiff is entitled to judgment on demurrer, with leave to defendant to amend, on payment of costs.