## Case No. 7,145.

JACKSON v. RUNDLET.

[1 Woodb. & M. 381.] [1]

Circuit Court, D. New Hampshire. Oct. Term, 1846.

James Bell, for plaintiff.
I. Bartlett, for defendant.

WOODBURY, Circuit Justice. It is well settled, that an objection founded on duplicity in pleading can be taken advantage of only by a special demurrer. Otis v. Blake, 6 Mass. 336. Because the defect is in form rather than substance, tending to prolixity, unnecessary expense in recording and copying, and confusion with courts and juries by multifarious and mixed issues. 1 Chit. Pl. 513. The duplicity must also be specially pointed out. 1 Saund. 337b; 10 East, 73; Currie v. Henry, 2 Johns. 433. In this case, the designation of the duplicity is imperfect, but the demurrer may be regarded as special, rather than general, since the breaches are alleged to be two in number, and independent of each other. It runs, however, very near the brink; and hence the plaintiff objects, that the demurrer is in form a general rather than special one. The distinctions between these demurrers are modern, there being none at common law, and now the only established difference is that just alluded to, in respect to the pointing out of the duplicity, viz.: That a special demurrer assigns some specific cause, and a general demurrer does not, and either refers to no causes whatever, or only to general ones. 1 Inst. 72; 4 Bl. Comm. 132; 1 Chit. Pl. 646. Since 27 Eliz. all matters of form can be reached only by special demurrer. 1 Saund. 337b; Tidd, Prac. 648; Com. Dig. "Pleader," 27. A special one, therefore, is always safest. And this must be considered such a demurrer, as one cause is assigned specifically to a certain extent, though the rest are like a general demurrer. 1 Mass. 500, arguendo.

But it is contended by the plaintiff, that whether his replication be double or not is immaterial, and need not be examined even on a special demurrer, as the plea is bad, and the judgment must be on the first fault in the record. Such is doubtless the general doctrine on this subject, when a plea is bad in substance. 1 Chit. Pl. 647; [U. S. v. Arthur] 5 Cranch [9 U. S.] 257; U. S. v. Sawyer [Case No. 16,227]; 2 Johns. 465; 3 Johns. 366; 11 Johns. 482.

But there are several exceptions to this

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

rule. In courts of error, the judgment will not always be against him committing the first fault; because it may be cured by a verdict, and because the decision below may have been made on other grounds entirely; and the party may wish, and it may be proper to allow him, to amend. So the judgment may be reversed to enable the court to have the matter presented suitably, and then the whole case is left open to amendment and another trial, without rendering judgment for either the plaintiff or the defendant. See Davis v. Garland, 4 How. [45 U. S.] 431. Nor can the court, where the suit is brought, go back in a case like this to the first fault, unless it be one bad on general demurrer. For objection should have been taken to it specially, by the opposite party, before pleading over. In this case, the defendant is a surety in a bond, and the objection to his plea is, that it is bad for not setting out the articles of association, and denying a breach of them, as well as of the condition to perform them. But the idea that he should go into this greater particularity is, in my opinion, not well founded. The defendant is not supposed to have those articles in his possession like the plaintiff or the deceased principal in the bond. When, therefore, he gets oyer of the conditions of the bond, all of which are affirmative, and among them one to fulfil these articles, and then proceeds to allege a performance generally, or in the language of the condition, he does all that is at first necessary. 1 Chit. Pl. 514; 8 Term R. 459; 2 Saund. 413; Hughes v. Smith, 5 Johns. 168; 2 Johns. 413. Some cases seem to have required sums and dates to be given, such as 1 Doug. 214, and 2 N. H. 130. But if that is the true construction of them, it is apparent that they cannot be sustained as sound law. Sneed v. Wister, 8 Wheat. [21 U. S.] 690, is cited against this conclusion. But the court merely ruled in that case, that the defendant could not crave oyer of a deed, named in the condition of the bond; and, if he wishes to use it, must produce it himself or show an excuse. But here no oyer of the articles is craved, nor any use made of them by the defendants.

Let us then proceed to examine the replication, to see whether the charge of duplicity against it is well sustained. What constitutes duplicity in such a case? Not more than one fact being alleged, not a connected proposition made, embracing several facts, but distinct defences, in case of pleas, or separate and independent breaches in replication, or different causes of action set out in writs. 1 Chit. Pl. 261; 2 W. Bl. 1022; 1 Burrows, 316; 2 Johns. 433–462; 3 Johns. 315; 3 Caines, 160. See various other cases, showing that any number of facts are not double, if they go to establish a single point as a breach or a single justification. Steph. Pl. 274; Gould, Pl. 421–427; 7 Bac. Abr. tit. "Pleading"; 9 Wend. 143; 6 Mass. 338; 6

Brown. Parl. Cas. 27; 5 Pick. 221; Story, Pl. 283–287.

Examples, however, throw more light on questions like this, than any general definition. Thus, a defence that the plaintiff had married, and her husband released the cause of action, is good as a plea, because though two facts are alleged, they both unite to constitute but one defence. While a plea justifying a trespass, as moderate correction, and averring also a release, is double; the two facts being disconnected, and constituting two independent defences. So a justification by an assistant to a deputy sheriff, that the warrant was regularly issued and delivered to the deputy sheriff, that he seized the property by virtue of its being the property of the judgment-debtor, but in possession fraudulently of the plaintiff, and that the defendant acted in aid and by command of the deputy sheriff, are dependent facts, making but one defence. Patcher v. Sprague, 2 Johns. 462. As to the English precedents since William III., it is to be noticed that they are not always applicable, being made under a statute in that reign, by which double breaches are allowed to be assigned in replications in actions on bonds to secure the performance of covenants. 1 Chit. Pl. 688. And this act is in analogy to the common law rule in actions in covenants, where a double breach is not considered as duplicity. But that statute is not in force in New Hampshire, and is a departure from the common law generally, as well as the practice in this state. Mooney v. Demeritt, 1 N. H. 187. Here a forfeiture is settled by the trial of one breach, and damages are then assessed for all that can be proved in a hearing afterwards in chancery. Parker v. Colcord, 2 N. H. 38, 39. While there, no damages were assessed but on the breaches assigned and tried. 1 N. H. 188.

The cases in England, where the assignment of a breach must still be single, are numerous, and some of them are much like the present, where the assignment has been considered not double. In a part of them the objections there are made for other reasons; such as, want of sufficient particularity. Yet if open to objections for duplicity, they would probably have been taken or made. Thus in Shum v. Farrington, 1 Bos. & P. 640, the case was debt on bond and the plea craving oyer. It appeared by the condition that the defendants became bound for the faithful conduct of R. S., as agent to the plaintiff, to receive and pay money, and account truly, &c. The plea then alleges general performance. Replication, that the agent received £2000 belonging to the business, and hath not paid to the plaintiffs and given a fair account thereof. Special demurrer, that the names of the persons from whom he received the money, and the time are not set out. No objection was made that the replication was double. In Cornwallis v. Savery, 2 Burrows, 772, the breach was the

receipt of a sum, and not accounting for it. This was held to be single, as both must unite; the receipt and not accounting, in order to constitute a breach of the condition of a bond. Barton v. Webb, 8 Term R. 459. If the breach was averred to be receipts of money from different persons, A. and B. and C., then it would be double. 1 Strange, 227; case cited, 2 Burrows, 773. In Adams v. Mack, 3 N. H. 493, a similar view was taken, and the court held, that a plea justifying the sale, as well as the taking of the goods sued for, was not double, both being necessary to constitute a full defence to the charge of converting them. See, also, Gullusha v. Cobleigh, 13 N. H. 79.

The conclusions of the court, then, may be summed up as follows. The demurrer is to be considered as a special one; and if duplicity existed in the replication, it could thus be taken advantage of, and judgment be rendered against the plaintiff for it, unless there was such previous fault in the plea as is bad in general demurrer. See some exceptions. Steph. Pl. 163, 164; 5 Barn. & Ald. 507; Garland v. Davis, 4 How. [45 U. S.] 131. But the plea, I think, contains no such fault. The plea avers a general performance of all the previous duties named in the condition of the bond, and, as before suggested, seems sufficient, especially as the articles of the association were not in the possession of the sureties. After craving oyer of the bond and condition in which they are named, but are not produced with it, it is enough to allege generally a compliance with them all. One of them was, to keep fair and honest books and accounts of all his doings with the association; another was, faithfully to keep their secrets; another, to conform to articles and by-laws; and another, to obey all written instructions from the association. The replication evidently does not intend to assign any breach of the first, second or fourth heads of duty, except as some of them may be included in the third to conform to the articles and by-laws. But after averring what the articles and by-laws were, in respect to his making purchases as agent for the association, and also to contract to pay for labor required in weaving, &c., and once in three months or oftener, if requested, account for money received for them, and likewise give statements of what was received and services rendered; the replication alleges that J. S. Rundlet became agent, and while so, received $35,566.66 for said association on account of it, and his duty to use it, and that he was directed to use and pay it in the business of said association; yet he hath not so used it, nor accounted for it, nor paid the same to or for the association. Though inartificial in some degree, this breach is much like those assigned in Shum v. Farrington and Cornwallis v. Savery [supra]. And though no question was raised as to duplicity, in the first case, it was in the last,

and it was held to be single (not needing to be cured by the statute of William III). Here the duty was to use the money in behalf of the association; there, to account for it. Here, then, the breach is, that he did not so use the money, and the other allegations which follow are merely connected with that averment, to make this single breach complete and full by adding, not new breaches and independent ones, but facts showing him liable for not so using the money, because he had not, instead of that, paid it over or in any way accounted for it. But these last allegations do not seem meant, nor are they fairly to be construed, as separate and independent breaches. They are rather component parts or elements, tending to show the first breach existing unatoned for, and not in any way satisfied or commuted. Strange as it may seem, also, it is not averred that any duty to pay over the balance existed, and hence of necessity on that account, also, an averment of not paying them over cannot be considered as an averment, of a second distinct breach of what there is not stated to have been any duty to be broken or fulfilled. For reasons like these the replication is adjudged good.

On announcing this opinion as formed, the case was disposed of on the docket by agreement.