## Tebbets, Ad'x, *v.* Tilton, Ad'x.

If a plea consist of several facts, all of which are necessary to make a complete defence, the defendant cannot in general traverse them all, unless a denial of the whole is necessary to make a complete answer.

Several parts may be traversed, if the answer, denying a part of them, will be insufficient.

Courts of probate in New Hampshire being courts of record, their judgments are conclusive, where they have jurisdiction. They may be reheard upon appeal, but cannot be collaterally impeached, unless for fraud.

The plaintiff declared in assumpsit, upon a promissory note made by the defendant's intestate.

The defendant pleaded, that within three months of her appointment to her said office of administratrix, she returned, under oath, a just and true inventory of all the estate of the said [intestate] to the probate office of the said county ; that afterwards, on, &c., she presented to the judge of probate for said county of B. for his approbation, a just and true account of her administration of the estate of the said [intestate,] and the said judge then allowed to the said [administratrix,] who was the widow of the said deceased [intestate,] out of the personal estate of her said husband, for her present support, the reasonable sum of thirty dollars ; that at a court of probate, holden at Gilford, in said county, on, &c., after due and legal notice, the said defendant having made oath to the said account, the said judge, by his decree then made, approved and allowed the said account ; that the amount of the estate aforesaid, upon the said settlement of the said account, was found by the decree to be the sum of $60.90, and no more ; that the estate aforesaid, after deducting the said allowance to the said widow, was expended in defraying the expenses of the last sickness and funeral of the deceased, and expenses of administration, which said expenses were charged in the said account, and allowed by the said judge in the said settlement thereof ; that the said judge thereupon, at the said court, on the settlement of the same account, by his decree discharged the said defendant, the administratrix, from all claims of the creditors against said estate, which appears by the record thereof remaining in said court of probate ; and this, &c.

The plaintiff replied, that said defendant did not return a just and true inventory of all the estate of said [intestate] to the probate office of the said county, in manner and form as in said plea alleged, but that on the contrary thereof, the said defendant, on, &c., when she was appointed administratrix on the estate of said [intestate,] had, and ever since hath had in her possession goods and chattels of the value of $500, which were of the goods and chattels of the said [intestate] at the time of his decease, and wherewith she might satisfy the said plaintiff for her said damages ; and that the said defendant hath not, nor did put the

said chattels into the inventory of the said [intestate's] estate, nor has the said defendant ever accounted for the same with the judge of probate for said county, and this, &c.

The defendant demurred, and assigned for cause, that the replication is double, in this: that the plaintiff alleges that the defendant did not return a true inventory; that she had in her possession chattels of the intestate of the value of $500; and that she did not put the said chattels into the inventory, nor has she ever accounted for the same with the judge of probate.

*Bell*, for the plaintiff.

*Emerson, Hobbs* and *Sanborn*, for the defendant.

B**E**LL, J. The demurrer raises the question, whether the replication is bad for duplicity. Duplicity in a plea consists in alleging two or more distinct grounds of defence, when one of them would be as effectual in law as all of them; and in subsequent pleadings, in stating two or more matters in answer to the preceding pleading, when one of them would be sufficient. Gould's Pl. 419.

A single ground of defence is not necessarily confined to a single fact, since several connected facts may be, and very often are, necessary to constitute one single and complete answer to the action. 1 Ch. Pl. 512; Arch. Pl. 191; *Fletcher* v. *Sprague*, 2 Johns. 462; *Currie* v. *Henry*, 2 Johns. 433; *Tyler* v. *Lord*, 14 Pick. 163; *Russell* v. *Rogers*, 15 Wend. 351. And the same remark is true of the subsequent pleadings. If several facts are necessary to constitute one single and complete answer to the case made by the previous pleading, the replication or rejoinder is not double. 1 Ch. Pl. 625; 1 Arch. Pl. 271; *Otis* v. *Blake*, 6 Mass. 336; *McClure* v. *Ewen*, 3 Cow. 313.

In the case of *Robinson* v. *Rayley*, 1 Burr. 316, the rule as to duplicity in a replication was laid down too broadly, that when several facts constitute the single point of defence upon which it is intended to take issue, the replication may traverse them all

. without being objectionable for duplicity; and this decision was followed in *Strong* v. *Smith*, 3 Cain, 160, and *Tucker* v. *Ladd*, 7 Cow. 450. But the rule now recognized is, that whatever may be the form of the plea, the replication will be double if it denies two or more facts, when the denial of either of them is a complete answer, or if it assert two or more facts, either of which, if found true, would be conclusive. *Nichols* v. *Arnold*, 8 Pick. 175. If a plea consists of several facts, all of which are necessary to make a complete defence, the defendant cannot in general traverse them all, unless it is necessary to make such general denial, in order to make a complete answer. If a denial of one or more of the facts would be a perfect answer, it will make the replication double to deny any others. *Cooper* v. *Heermance*, 3 Johns. 313; *Satterlee* v. *Sterling*, 8 Cow. 233; *Tuttle* v. *Smith*, 10 Wend. 388; *Austin* v. *Parker*, 13 Pick. 222.

The general replication, *de injuria sua*, &c., may perhaps constitute an exception to this rule. *Tubbs* v. *Calwell*, 8 Wend. 133.

In this case the plea is, in short, that the defendant returned a true inventory of all the estate, and presented a true account of her administration, and that the judge of probate, on settlement, allowed her the balance above the expenses of the last sickness and funeral, and the expenses of administration, and discharged her. It is in effect a special *plene administravit*.

The replication, in short, is, that the defendant had in her hands property belonging to the estate which she never inventoried and never accounted for. It is, in effect, that she did not fully administer the estate in the special manner alleged.

Here is in substance no duplicity. Several facts go to make up the plea. The denial of some of those facts makes up the replication. There is but a single point presented by the replication, that the defendant had property not inventoried nor accounted for. It is not doubted that the facts stated in the plea are all necessary to the defence. It seems equally clear that the fact alleged in the replication, that the defendant had in her hands estate which she did not inventory, is not alone a sufficient

answer to the action, since it is sufficient, if property is accidentally omitted in the inventory, to account for it upon the settlement. It was therefore necessary to allege that the property was not inventoried nor accounted for, and the replication therefore is not double.

But there is a question of a more material character raised by these pleadings. By the Revised Statutes, chap. 162, § 25, " If the estate of any person deceased, after deducting the allowance made to the widow, shall be expended in defraying the expenses of the last sickness and funeral of the deceased, and expenses of administration, the administrator on settlement of his account shall be wholly discharged, by decree of the judge, from all claims of the creditors against such estate, without any other proceedings whatever."

When, upon a settlement of the administrator's account, a decree has been regularly entered and the administrator discharged, agreeably to this provision, the question may arise how far the creditors are bound and concluded by the decree of the court of probate, and how far such decree may be invalidated and impeached by an averment of facts which might, if duly presented at the hearing, to the court of probate, have led to a different decision.

At common law a court of probate is not technically a court of record, and to be valid its proceedings must be warranted by law. Any order or decree of the court, if repugnant to law, was held to be null, and might be avoided by plea. *H—* v. *—,* 4 N. H. Rep. 60; *Chase* v. *Hathaway,* 14 Mass. 227. It is by no means clear that this doctrine is properly applied to the courts of probate in this State, whose powers were chiefly derived from our own statutes, and are of a more extensive character than those of the English ecclesiastical courts.

This is a point now rendered immaterial, since by the Revised Statutes, chap. 152, § 19, " The court of probate shall be deemed for all purposes a court of record;" and its records import the same *verity* as those of other courts.

In the case of *Bryant* v. *Allen,* 6 N. H. Rep. 116, in 1833,

Tebbets *v.* Tilton.

before the Revised Statutes, it was holden that the jurisdiction of a judge of probate is, in general, sole and exclusive, and his decisions, regularly made, of matters within his jurisdiction, are, unless an appeal is interposed, conclusive against all the world; since every person whose rights are in any manner involved in the proceedings of the judge of probate has a right to become a party to the proceedings and to be heard, and if aggrieved by the decision, to appeal.

However the proceedings of a court of probate might formerly be avoided by plea, on account of any irregularity, it must now be held, that if the court acts within its jurisdiction as to the subject matter of its decisions, as to the persons to be affected and as to the course of proceedings prescribed for it by law, its decisions are binding and conclusive upon all parties interested. They may be re-heard and reëxamined upon appeal, which is the mode appointed for the correction of its errors, but they cannot be questioned or impeached collaterally in any other court or course of proceedings, unless fraud is alleged. The judgments of all courts are open to be impeached for fraud. It is not perhaps easy to imagine a case where the facts alleged in this replication exist, where fraud would not be found, but the fraud in such cases must be distinctly alleged. No such charge is made in this case.

The replication must be adjudged bad in substance, for this cause. It may be amended by charging fraud, if the facts will warrant it.