*Court of Common Pleas, Dauphin County, October 20th,* 1862.

### MESSNER *v.* MESSNER'S ADMINISTRATOR.

When money was due to a married woman as heir from the estate of a decedent, and notes were given in the name of her husband for the amount, they are the property of the wife, and do not go to the personal representatives of her husband.

BY THE COURT.—It appears from the facts stated that Isaac Messner, now deceased, married Ellen Enterline in the year 1858, she then being a minor, and having money due her, and virtually in the hands of her guardian, arising from the real estate of her late father; and also for personal effects due from his administrator. After she attained her majority, a settlement took place between her guardian, her father's administrator, and herself and husband, in which they each gave their notes in the name of the husband for the sums due to her by them respectively; and she and her husband released each of them from the respective claims; but neither release was executed and acknowledged according to section 48 of the act of 29th of March, 1832. This matter is unimportant in the present controversy, except as it fails to show a legally expressed intention to relinquish her right in favor of her husband to the estate descending from her father. The husband appears to have retained the notes in his possession, and to have received some money on them from the debtors; but on his leaving home to enter the military service of the county,

he gave them to his wife, saying "it was her money, and that she might do with them whatever she pleased." The wife retained the notes; but after the death of her husband, on the demand of his administrator, gave them to him under protest, she claiming them at the time of the appraisement. Prior to the act of 11th April, 1848, the husband could convert his wife's property or choses in action to his own use at pleasure, except as restrained by the act of 1832 before cited; and conversion was a question of intention, to be collected and inferred from the acts and declarations of the husband. Taking a promissory note from her debtor in his own name for the amount due was of itself a conversion, if so intended, and would be presumed to be so *primâ facie.* That presumption might, however, be rebutted by his acts and declarations made at the time or subsequently, showing that he did not claim it in his own right, or intend to convert it; but held it as a trustee for his wife. The principle is abundantly established in the case of Hinds's Estate (5 Wh. 138), where Gibson, C. J., says, "such acts are *powerful evidence* of conversion, but are not *actual conversion,* and may be rebutted." Also Siter's Case (4 R. 475). The same doctrine is apparent in Stewart's Appeal (3 W. & S. 476); and obtaining a judgment for the amount, as there mentioned, was unimportant as evidence of the conversion, but only went to show an extinguishment of the legacy. Had this transaction occurred prior to the enactment of the act of 1848, I should have held that the delivery over of these notes by the husband to the wife, accompanied with the declaration that they were her own money, and to be used as she pleased, would of itself rebut the presumption of an intended conversion arising from the act of taking them in his own name, especially as it does not appear that the rights of creditors are likely to be affected. But since the passage of that act the legal status of the parties is entirely changed. The husband, on receiving his wife's money, is presumed not to take it for himself, but as her trustee. As we understand the decisions, all of the legal presumptions as to ownership from the husband taking the securities in his own name are reversed; and instead of now being presumed to be a conversion, it will be presumed that he takes them as trustee for his wife. There must be *express evidence* that the wife intended to give the money to her husband (Trimble v. Reis, 1 Wr. 488). And even where he has received her money, it will be presumed that he did so for her use, and a promise to repay it will be enforced against his estate (Johnstone v. Johnstone's Administrator, 7 C. 450). In the case under consideration, on identifying the notes, and proving that they were received for the wife's estate, I am of the opinion that they could be lawfully claimed and held by her against his legal representatives, even without the act of delivering over to the wife, accompanied with

the declarations of the husband, as set forth in the case stated; but those words, as connected with the act of delivery, establish the trust beyond all cavil, and show that the husband did not claim the money in his own right, but in that of his 'wife, and held the notes for her use. Therefore, she is entitled to their proceeds. We give judgment in favor of the plaintiff on the case stated.

*Alrichs, for plaintiff.*

*Mumma, for defendant.*