THIS was an action of covenant on a contract under seal by which the plaintiff agreed with the defendant, Nicholas Jenney, president of the Wilmington Rifle Club, that he would furnish the material and do all the plastering on the buildings of the club for a certain price per square yard, and which the latter agreed to pay him therefor. Although incorporated by an act of the legislature, the club had never had a corporate seal, but each of the parties had executed the contract by subscribing their names and affixing their respective seals to it in the form of scrolls made with a pen; the defendant, however, adding to his signature at the time of subscribing it the words, "President of the Wilmington Rifle Club." The action upon it was not against the club, but against Jenney personally, and one of the pleas was that he never signed it, except in his official capacity as president of the club, and it was therefore not his personal covenant which was traversed in the replication and on which issue had been taken before the jury. The act of incorporation and the deed of the club for the buildings and premises were put in evidence by the defendant.
Nields, for the plaintiff: The club in question was a lawfully organized incorporated company, but it was not a party to this *Page 33 
instrument and did not purport on its face to be because it was named as party to it, nor did the seal affixed to it even profess to be the seal of the company. And yet it was an instrument under the hands and seal of the parties who executed it, and viewed in that light it must be considered and held to be the individual covenant of the defendant. When a party acts as the agent of a government, or of a public or municipal corporation, the principal will be bound although he does not name it, but the rule is otherwise in respect to a private corporation or, an individual. Story on Agency, sec. 147; 11 Serg. Rawle 126; 8 M. W. 833; 9 N. H. 263; 7 Cow. 452; 13 Johns. 307; 21 How. 287.
Bird, for the defendant; The intention of the parties to the contract was clearly manifest, and as much so on the one side as on the other, and that understanding was by both of the parties that the defendant was contracting for the work on behalf of the club and the company and as the president of it and not on his own account individually, and he therefore cannot be personally liable in this or any other action for the demand. 19 Johns. 60; Ang. Ames onCor., sec. 296; 43 N. H. 343; 30 Barb. 218; 21 Pick.417; 9 Mass. 336; 37 Maine 349; 6 Conn. 464.
The Court,
That it was competent for the defendant, had he seen proper to do so, to have charged himself in the contract for the work to be performed by the plaintiff, so as to have made himself liable to him for it, but to warrant that construction of it such should clearly be the purport of the instrument upon its face. It was, however, neither his individual covenant, nor the covenant of the club and the incorporated company of which he was the president; first, because he executed it on behalf of the company and as the agent and president of it, and not in his own name or on his own part individually; and, secondly, because it is not sealed with the seal of the company, and for the best of reasons, as appears from the evidence, that it has never had one. Nevertheless, if the contract was so made and executed by him with *Page 34 
the sanction and consent of the company and for the company, the plaintiff would not be without his remedy in another form of action against it to recover for his labor and materials under the contract.