[ Argued November 15, 1893; decided January 15, 1894.]

## HOUGH *v.* HOUGH.

[ S. C. 35 Pac. 249.]

PLEADING — ASSUMPSIT — DUPLICITY.— A complaint alleging that plaintiff on specified dates "loaned defendant money, furnished him goods, wares, and merchandise, and paid out money at his request" to a designated amount, and that defendant agreed and promised to pay plaintiff therefor,— states but one cause of action. It is not duplicitous, for it states only the facts connected with the one promise which is the basis of the action.

APPEAL from Crook: W. L. BRADSHAW, Judge.

This is an action to recover money. The complaint alleges, in substance, that the plaintiff, at the special instance and request of the defendant, between the dates specified, in Crook County, Oregon, "loaned the defendant money, furnished him goods, wares, and merchandise, paid out money at his request, etc., to the full aggregate

amount of seven hundred and forty-eight dollars and fifty-eight cents "; that the "defendant agreed and promised to pay the plaintiff therefor the said sum of seven hundred and forty-eight dollars and fifty-eight cents,— that he has not paid the same or any part thereof, except the sum of four hundred dollars; and that there remains yet wholly unpaid a balance of three hundred and forty-eight dollars and fifty-eight cents, and that the same is now due," etc. The defendant interposed a motion to strike out the complaint, alleging as the ground therefor "that several causes of action are improperly united in one count," which motion was overruled, and, the defendant refusing to plead further, the court rendered judgment for the plaintiff for the amount claimed, from which judgment the defendant has brought this appeal.

AFFIRMED.

*Mr. J. F. Moore*, for Appellant.

*Mr. Geo. W. Barnes*, for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

If the several facts alleged constitute but one cause of action, the complaint is not vulnerable to the objection raised by the motion; but if they are separate transactions or demands, they should be separately stated as distinct causes of action. A complaint which fails to keep separate the different grounds of action, but confuses and blends them in one statement, is open to the objection of duplicity. The vice of duplicity in pleading consists in the union of more than one cause of action in one count in a writ, or more than one defense in one plea, or more than a single breach in a replication; and not in the union of several facts, constituting together but one cause of action, or one defense, or one breach: *Jackson* v. *Rundlet*, 1 Woodb. & M. 381; *Harker* v. *Brink*,

24 N. J. L. 333; *Patcher* v. *Sprague,* 2 Johns. 462.  A complaint, therefore, may contain in a single statement numerous matters, provided they are covered by one contract, or constitute, when taken together, but a single cause of action.  The complaint, in effect, states that the defendant, in consideration of the transaction alleged, promised to pay plaintiff the full sum specified, and that he had not paid the same, except a certain sum named, and that there is a balance now due and unpaid for which judgment is asked..  The cause of action is based on the promise to pay for the goods furnished, money loaned and advanced, a specified sum, and the failure to keep such promise.  The union of these several transactions is the foundation of the promise, hence they constitute together not several but one cause of action.  The fact that each different transaction might be the ground of a distinct cause of action does not affect the principle involved when such transactions are united under one promise.  "Where there is," said STRONG, J., "an account for goods sold, or labor performed, where money has been lent to or paid for the use of a party at different times, or several items of claim spring in any way from contract, whether one only or separate rights of action exist, will, in each case, depend upon whether the case is covered by one or by separate contracts.  The several items may have their origin in one contract, as on an agreement to sell and deliver goods, or perform work, or advance money; and usually, in the case of a running account, it may be fairly implied that it is in pursuance of an agreement that an account may be opened and continued, either for a definite period or at the pleasure of one or both of the parties": *Secor* v. *Sturgis,* 16 N. Y. 558.  The complaint, it is admitted, is not well drawn, but we think it states a cause of action.  If the defendant desired, he could have required an itemized account, or

moved to have the complaint made more definite and
certain, if this was essential to his defense, or necessary
to more fully disclose the nature of the transactions.  He
did not see fit to pursue this course, but attacked it in its
present form, embracing as it does all the items as an
entire demand, or uniting the transactions under his
promise and agreement to pay the sum specified as a
single cause of action.  Such being the case, we do not
see how the ruling of the court affected any substantial
right of the defendant.  It results that the judgment
must be affirmed.                              AFFIRMED.